13763.  SKIPPER *v.* MAYOR AND COUNCIL OF BRUNSWICK.

BROYLES, C. J. 1.  " A petition for certiorari to review the judgment of a police or recorder's court, unless a pauper's affidavit is made, must affirmatively allege (among other things) that the petitioner has filed with the clerk of that court, if it has a clerk, *a bond* payable, etc., and conditioned, etc., *which has been approved and accepted by said clerk;* and there should be attached to the petition a certified copy of the bond, together with a certificate from the clerk of the court that the bond was filed with him and was approved and accepted by him.  Unless all these things appear, to wit, the aforesaid allegations in the petition, the certificate of the clerk of the court verifying them, and a certified copy of the bond given, the certiorari should not be sanctioned, and, if sanctioned, should be dismissed on the hearing."  *Gillespie* v. *Mayor &c. of Macon, 19 Ga. App.* 1 (90 S. E. 970), and citations.

2. Under the foregoing ruling the certiorari in the instant case should not

have been sanctioned; but, having been sanctioned, the judge of the superior court committed no error in overruling it after a hearing upon its merits. The correct result was reached by the overruling of the certiorari. *Gillespie* v. *Mayor &c. of Macon,* supra, and citations.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 14, 1922.

Certiorari; from Glynn superior court — Judge Highsmith. May 29, 1922.

*F. H. Harris,* for plaintiff in error. *R. D. Meader,* contra.