**28271.   MORROW** *v.* **THE STATE.**

DECIDED JUNE 17, 1940.

*John H. Hudson,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

MACINTYRE, J.  Henry Morrow was convicted under the Code, § 26-6502, of operating, keeping, and maintaining a lottery known as a "number game."  The defendant agreed to dispense with

proof as to the existence or manner of operation of the lottery known as the "number game" in Fulton County on the date alleged in the accusation, but denied that he had anything to do therewith. As to the method of operation see *Cutcliff* v. *State,* 51 *Ga. App.* 40 (179 S. E. 568). To the overruling of his certiorari the defendant excepted.

The Code, § 26-6502, declares: "Any person who, by himself or, another, shall keep, maintain, employ, or carry on any lottery or other scheme or device for the hazarding of any money or valuable thing, shall be guilty of a misdemeanor." Under this section, any one who participates in the illegal design and in the execution of the illegal purpose of carrying on the lottery. is a criminal. It was the purpose of the act "to suppress lotteries by making it an offense to maintain or carry on one, or to do any of the several acts entering into the conduct of such a business; and the statute was framed, doubtless, with a view to reach all persons who might carry on, or participate in carrying on,· the forbidden enterprise." *Henderson* v. *State,* 95 *Ga.* 326 (2), 328 (22 S. E. 537).

It appears from the testimony of the arresting officers that the defendant, at the time of the arrest on January 10, 1939, was sitting in the bedroom of a negro woman alleged to be sick, at her house. He had a lottery book and three tickets in his hand. The date on the tickets was the same as the date on which he was arrested, January 10, 1939, and the lottery number appeared on the ticket, together with the writer's number in the upper right corner and a player's symbol in the upper left corner. The arresting officer testified that he searched the defendant, but did not remember whether or not he found any money on him. The defendant in his statement said: "That morning I went to Cora's, who was doing my washing for me, and I went there to get it, and hadn't been there four or five minutes before these people came in the house. There were five in the house when I went in, and I made six. When the officers came in the house some of them said, 'Here come the officers.' I sat down, and the other boy went out the door. I knew they were going to search it, and they found the tickets and book in the chair, but didn't find anything on me." State's witness, recalled, testified: "I found these books in Henry's [defendant's] hand." The evidence, though circumstantial, au-

thorized the conviction, to the exclusion of every other reasonable hypothesis. The exceptions to the charge to the jury not disclosing reversible error, the judge did not err in overruling the certiorari. See *Coppedge* v. *State*, 59 *Ga. App.* 358 (1. S. E. 2d, 43) ; *Williams* v. *State*, 62 *Ga. App.* 679 (9 S. E. 2d, 697).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*