28554. McCOWAN *v.* THE STATE.

DECIDED OCTOBER 9, 1940.

*Russell G. Turner*, for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw*, contra.

GARDNER, J. The evidence shows that the defendant was arrested on June 30, 1939, and that she was seen by the officer in possession of a lottery book known as the "number game." This book contained twenty-two tissue lottery tickets, with figures on them in different handwritings, dated June 30, 1939, and others dated July 1, 1939. It also contained eight yellow lottery tickets dated July 1, 1939. The arresting officer testified that he saw the accused place the book behind the curtain on the window-sill. There was no evidence to the effect that any other person lived in the house, or any evidence upon which it could be reasonably concluded that any person other than the accused had any knowledge of or anything to do with the possession and control of the lottery book. We think the evidence in this case, taken in connection with the evidence as to how the number game is operated in Atlanta, and that such a game was in operation on June 30, 1939, and the further fact that there were some yellow sheets which, in the operation of the game, are to be sent to headquarters by the "pick-up" man, is evidence to the effect that the yellow sheets of June 30, 1939, had been so sent in, and that the yellow sheets dated July 1, 1939, had not been sent in, because the writer wrote these July 1 tickets after two o'clock of June 30, the hour for which the business of the lottery was closed for June 30, two o'clock being the same hour on which the New York Stock Exchange closes. Such evidence was sufficient

to authorize a verdict that the defendant was guilty of aiding and abetting the operations of a lottery, generally known as the "number game." The evidence is quite different from that in *Bailey* v. *State,* 60 *Ga. App.* 556 (4 S. E. 2d, 409). The evidence in the *Bailey* case did not reveal any actual possession and control of lottery tickets, but revealed only the finding of the tickets in the house where the defendant was living with her husband. The evidence in the instant case shows actual possession and control, and an inference of concealment, and fails to establish any joint occupancy of the house with the defendant. See *Cutcliff* v. *State,* 51 *Ga. App.* 40 (179 S. E. 568); *Thweatt* v. *State,* 48 *Ga. App.* 389 (172 S. E. 810); *Guthas* v. *State,* 54 *Ga. App.* 217 (2) (187 S. E. 847); *Coppedge* v. *State,* 59 *Ga.* 358 (1 S. E. 2d, 43), and cit.; *Morrow* v. *State,* 62 *Ga. App.* 718 (9 S. E. 2d, 699).

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*