## 29787. HODGES v. THE STATE.

DECIDED OCTOBER 15, 1942. REHEARING DENIED NOVEMBER 3, 1942.

*Swift Tyler, W. E. Armistead,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

BROYLES, C. J. Margaret Hodges was convicted in the criminal court of Fulton County of the offense of operating a lottery known as the "number game." Her certiorari was overruled in the superior court and that judgment is assigned as error.

The operation of such a lottery is a misdemeanor, and any person who aids another in the commission of the offense is guilty as a principal. The evidence connecting the accused with the offense charged, while wholly circumstantial, authorized the jury to find, to the exclusion of every other *reasonable* hypothesis save that of her guilt, that she was aiding and abetting a man named Atkinson in the commission of the offense. In the petition for certiorari error is assigned upon the following excerpt from the court's charge: "Before the jury would be authorized to convict on circumstantial evidence alone the proven facts must not only be consistent with the hypothesis of guilt but should exclude every other reasonable hypothesis save that of the guilt of the accused." The only error assigned upon the charge is that the judge used the words "should," instead of the mandatory word "must" which is employed in the statute. "While in every criminal case, where it is sought to show the guilt of the defendant by circumstantial evidence alone, the jury should be instructed and cautioned that he should not be convicted on circumstantial evidence, unless the proven facts exclude every possible reasonable hypothesis save the guilt of the defendant, still it is immaterial what language is employed to convey this instruction. If all possible hypotheses arising from the circumstantial evidence which are favorable to the defendant be presented in concrete statement to the jury, and the jury are told that if they believe any one of these hypotheses the defendant *should* be acquitted [italics ours], the principal above referred to would be sufficiently presented." *Mangum* v. *State, 5 Ga. App.* 445 (2) (63 S. E. 543); *Griffin* v. *State, 24 Ga.*

230

*App.* 656 (101 S. E. 767). The verdict was authorized by the evidence, and the overruling of the certiorari was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*