## 30668.  POULOS *v.* THE STATE.

DECIDED NOVEMBER 3, 1944.

732

*Albert G. Callaway,* for plaintiff in error.

*Lindley W. Camp,* solicitor, *John A. Boykin,* solicitor-general, *Durwood T. Pye,* contra.

GARDNER, J. The first three assignments of error, (a), (b) and (c), cover the general grounds. The evidence authorized the jury to infer that the defendants were jointly in possession of the lottery paraphernalia contained in the sack. This evidence, in connection with the evidence concerning the method of operating the number game, that it was at that time in operation in Fulton County, and in connection with other evidence, is sufficient to sustain the conviction. *Mills* v. *State,* 71 *Ga. App.* 353 (30 S. E. 2d, 824) ; *Davis* v. *State,* 70 *Ga. App.* 513 (28 S. E. 2d, 784).

(d) This special ground complains because the court over objection admitted evidence that the officers found considerable sums of money on one of the defendants. The admission of this evidence, under all the facts of the case, does not show error.

(e) This special assignment of error is to the effect that the judgment should be reversed because Allen's testimony that he did not see the bag thrown from the defendants' car, and Densmore's that he (Densmore) did see it thrown from the car, shows such a conflict in the State's evidence that the judgment should be reversed for that reason. There is no merit in this ground.

(f) Error is assigned here because the court permitted a State's witness, over objection, to testify that since the date of the crime for which the defendants were being tried the police officers

had seen the defendants together in the negro· section about the same time of day they were observed on the day of the arrest. The court allowed this evidence, the record shows, on the question that it was customary for pick-up men to go in pairs. While technically speaking, under the facts of the case, perhaps this testimony should have been excluded; nevertheless, under the whole record it could not have been prejudical to the defendants to the extent of requiring a reversal.

(g) This ground assigns error because the court, over objection, permitted a witness for the State to testify concerning the "method and manner" of operating the "number game." This is without merit as this court has many times held. *Mills* v. *State,* supra.

(h) This ground assigns error because the court in charging the principle of circumstantial evidence used the word "should" instead of "shall" in giving that portion of the Code, § 38-109, as follows: "but shall exclude every other reasonable hypothesis save that of the guilt of the accused." This has been decided adversely to the defendant's contention in the case of *Hodges* v. *State,* 68 *Ga. App.* 229 (22 S. E. 2d, 611). The court did not err in overruling and dismissing the certiorari for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*