A lottery ribbon was found in the home of John Smith. At this time the defendant Ball and four other persons were in the room where the ribbon was found. The evidence did not authorize a finding that the ribbon was the defendant's or in his possession or control. The evidence as a whole failed to show that the defendant "did keep, maintain, and operate a lottery" as charged in the accusation, and the judge of the superior court erred in overruling and denying the writ of certiorari.
Judgment reversed. Broyles, C. J., and Gardner, J.,concur.
 DECIDED JANUARY 19, 1945. *Page 46 
Davis, an officer, testified in substance that the defendant Ball was arrested in the home of John Smith. "We found five negroes when we went in there — the defendant, Cliff Gamble, John Smith, [Walter Bishop], and Frank Thomas. When we went in that room those five negroes were sitting down, all five of them, and the defendant was sitting on a trunk. One of the pieces of [a lottery] ribbon was on the trunk by him, and he was the only one sitting on it, and the closest man to the ribbon. He also had some money in his hand. I didn't see him throw the ribbon down or handle it in any way. I found the other pieces of ribbon laying on the small table in the center of the room just about as close to one as the other negroes. This defendant denied knowing anything about the ribbons, so I just took the whole bunch of them down and locked them up . . I didn't see any of them handle the ribbons . . I said some money was on the table with the ribbons in the center of the room — just a few dollars. I asked who owned it but nobody said whose money it was." John Smith, in whose home the defendant was sitting when the ribbons were found, testified that he knew nothing of them, and that the defendant had something on his knee, but that he [Smith] didn't pay any attention to what it was; that the ribbons were not his. Cliff Gamble and Walter Bishop testified that they were present at the time and knew nothing of the lottery ribbons, which were admitted in evidence. It might be noted that the defendant and four other negroes were in the room when the officers found the ribbon therein, and while the State introduced three other negroes, all of whom swore that the lottery ribbons were not theirs nor in their possession or control, and the defendant in his statement to the jury denied that the ribbon was his or in his possession or control, and denied that he was guilty of operating and maintaining a lottery as charged in the accusation, it did not introduce the fourth person, other than the defendant, who was in the room at the time, to deny that he was not the owner, possessor, or in control of the ribbon in question. The State also introduced a former accusation and judgment finding the defendant guilty of violating the lottery law. *Page 47