31135. BYRD, *alias* HARVEY, *v.* THE STATE.

DECIDED FEBRUARY 1, 1946.

*James R. Venable, Jackson L. Barwick, Frank A. Bowers, Frank T. Grizzard,* for plaintiff in error.

*E. E. Andrews, solicitor-general, Durwood T. Pye,* contra.

BROYLES, C. J. The defendant was tried on an indictment, containing eight counts, for forgery, and was convicted on all counts. His motion for a new trial was overruled and that judgment is assigned as error. The general grounds are not argued or insisted upon in the brief of counsel for the plaintiff in error, and therefore are treated as abandoned.

Special ground 1 assigns as error the refusal of the court to declare a mistrial, on the ground of the motion therefor that the defendant was brought into the courtroom "in the close custody of a United States deputy marshal," and therefore the jury were prejudiced against the accused by being impressed with the idea that he was a dangerous criminal, charged with or convicted of some Federal offense, and thereby he was deprived of a fair trial before an impartial jury. The ground is without merit. See *Haden* v. *State,* 176 *Ga.* 304, 308 (168 S. E. 272).

Special ground 2 alleges that the judge erred in his charge on circumstantial evidence by stating that the proved facts "should" exclude every other reasonable hypothesis save that of the guilt of the accused, whereas he should have used the word "must." The ground does not require a new trial. *Hodges* v. *State,* 68 *Ga. App.* 229 (22 S. E. 2d, 611), and citations.

The last special ground alleges that the court erred in charging on counts 1, 3, 5, and 7 of the indictment, because there was no evidence authorizing the jury to find that the defendant had forged any of the checks as charged in those counts. We can not agree with that contention. The evidence, direct and circumstantial, amply authorized the jury to find the defendant guilty on those counts.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*