31167. HENDRICKS *v.* THE STATE.

DECIDED FEBRUARY 19, 1946.

*John H. Hudson, Frank Grizzard, James R. Venable,* for plaintiff in error.

*Lindley W. Camp, solicitor, E. E. Andrews, solicitor-general, Durwood T. Pye,* contra.

BROYLES, C. J.   C. H. Hendricks was convicted in the criminal court of Fulton County of operating a lottery known as the "number game."   He obtained a writ of certiorari from a judge of the superior court, and on the hearing thereof the certiorari was overruled, and that judgment is assigned as error in the bill of exceptions.

The evidence shows that certain officers went to an apartment in a house in Atlanta, at about 1 p. m. on February 7, 1942, and found inside three men, Bonnie South, Charlie Thrasher, and the defendant.   A quantity of lottery tickets was burning in the fireplace, and in the room was a book containing entries of lottery sales made over the telephone.   Two telephones were in the room, neither of them being listed in the telephone directory, but bills for these telephones were found made out against C. E. Thomas and Roy E. Smith.   When the officers entered the room, South was opening the door for them, Hendricks was seated in a chair, and Thrasher was attempting to get out of the room through a screened window.   The officers testified further that on that date a lottery known as the number game was in operation in Fulton County, and that telephones were used by the operators to maintain and carry it on.   The only evidence tending to connect the defendant Hendricks with the offense charged was the fact that the officers found him in the room where apparently the lottery was being operated.   But he was not there alone.   Two other men were in the room, and one of them (Thrasher) was trying to escape through a screened window.

In his statement to the jury the defendant denied having any connection with the lottery and explained how he happened to be there.   Of course, the jury were authorized to reject that statement.   However, there was no evidence whatever, outside of his presence in the room, tending to connect him with the offense charged.   The evidence was wholly circumstantial and insufficient to exclude every reasonable hypothesis save that of his guilt.   The

verdict was contrary to law and the evidence, and the overruling of the certiorari was error.

*Judgment reversed.   MacIntyre and Gardner, JJ., concur.*