32343.   WELDON *v.* THE STATE.

Decided February 2, 1949.

*Herman C. McCall, C. W. Buchanan,* for plaintiff in error.
*Walter McCurdy,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Special ground one of the amended motion for a new trial contends that the trial court erred in charging the jury as follows: "If any person, either by himself or his agent, shall sell, or offer for sale, or procure for or furnish to any person any ticket, number, combination, or chance, or anything representing a chance, in any lottery, gift enterprise, or other similar scheme or device, whether such lottery, gift or enterprise, or scheme, shall be operated in this State or not, he shall be guilty of a misdemeanor."

This excerpt from the charge is alleged to be error in that it was confusing to the jury because it is necessary that the crime must have been committed in the State and county of the trial and that the charge complained of left the jury under the impression that it did not matter where the alleged crime was committed.

The excerpt from the charge complained of is in the substantial language of Code § 26-6501. The accusation is based on § 26-6502 which defines the misdemeanor of carrying on a lottery and which was also charged by the court. The excerpt complained of is not pertinent to the case and need not have been charged by the trial court. However, it was not error for the reason assigned. The exception is to the charge of the excerpt contained therein and in the Code section as follows: "whether such lottery, gift enterprise, or scheme shall be operated in this State or not. . ." Elsewhere the court charged fully and completely that they must find beyond a reasonable doubt that the acts necessary to constitute the offense of which the defendant was charged, must have been committed in the County of DeKalb and the State of Georgia. The inapplicable excerpt charged and complained of was not confusing when considered in the light of the entire charge. See *Central of Ga. Ry.* v. *Cole,* 135 *Ga.* 72(2) (68 S. E. 804) ; *Thurman* v. *State,* 14 *Ga. App.* 543(4) (81 S. E. 796). This ground is without merit.

■ Grounds 2 and 3 of the amended motion for a new trial contend that while the verdict was a general verdict, the evidence was not sufficient to support the same on either count one or count two of the indictment; that there was no evidence to

support a verdict for carrying on a lottery, and there was no evidence to support a verdict for carrying on a scheme and device other than a lottery for the hazarding of money. The defendant also contends that the charges in both counts grew out of the same misdemeanor charge and one transaction, that one count charged carrying on a lottery and the other charged carrying on a scheme or device other than a lottery, for the hazarding of money, and that therefore a general verdict of guilty on both counts is contrary to law.

Reference to the charges of the two counts which have been hereinbefore set forth will disclose that one count is not for the carrying on of a lottery and the other for carrying on a scheme or device other than a lottery, but that the two counts merely charge different ways of committing the single offense of carrying on a lottery. See *Dove* v. *State*, 78 *Ga. App.* 425 (50 S. E. 2d, 773). The evidence supports the first count but there is no evidence to support the second count. However, where an indictment or accusation contains two counts, both charging the commission of the same offense, but in different ways, a general verdict of guilty is not contrary to the evidence if either one of the counts is supported by it. See *Bowen* v. *State*, 47 *Ga. App.* 9(2) (170 S. E. 104); *Day* v. *State*, 70 *Ga. App.* 819, 822 (29 S. E. 2d, 659).

The defendant relies on *B'Gos* v. *State*, 43 *Ga. App.* 379 (159 S. E. 137), in support of these grounds of her amended motion for a new trial. In that case one count charged the carrying on of a lottery and the other count the carrying on of a scheme and device other than a lottery for the hazarding of money. However, for the reasons hereinbefore pointed out the *B'Gos* case does not apply here and these assignments of error are without merit.

■ Special ground 4 of the amended motion for a new trial contends that the trial court erred in admitting certain illegal evidence introduced on behalf of the State. The record does not disclose any objection to this evidence. Brief of counsel for the defendant does not contend that any objection was interposed. The brief of counsel for the State contends that no objection was made to the evidence at the time of its admission. Where no objection is made to illegal evidence on the trial of the case its admission is not a ground for a new trial. See many cases under Code (Ann.) § 70-203, catchword "Objection."

■ Special ground 5 of the amended motion for a new trial contends that the trial court erred in refusing to direct a verdict in favor of the defendant on motion of counsel therefor. It is never error to refuse to direct a verdict in any case. See many cases under Code (Ann.) § 110-104, catchword "Refusal."

■ A study of the evidence in the cases annotated in the 1947 Cumulative Pocket Part of Code (Ann. Supp.) § 26-6502 under catchwords "Number game" discloses that the evidence in the instant case is ample to support a verdict of guilty. The general grounds show no cause for the grant of a new trial.

The judgment of the trial court overruling the motion for a new trial as amended is without error.

*Judgment affirmed.* *MacIntyre, P. J., and Gardner, J., concur.*