## 32378.   JACKSON *v.* THE STATE

DECIDED APRIL 21, 1949.

*Wesley R. Asinof,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, R. M. George, William Hall,* contra.

MacINTYRE, P. J.   Ike Jackson was tried and convicted in the Criminal Court of Fulton County, without the intervention of a jury, upon an accusation charging that he "did keep, maintain and operate a lottery known as the number game for the hazarding of money." His petition for certiorari was overruled, and he excepted.

1. "The purpose of § 26-6502 of the Code is 'to suppress lotteries by making it an offense to maintain or carry on one, or to do any of the several acts entering into the conduct of such a business; and the statute was framed, doubtless, with a view to reach all persons who might carry on, or participate in carrying on, the forbidden enterprise.'" *Walker* v. *State*, 69 *Ga. App.* 375 (25 S. E. 2d, 587); *Jackson* v. *State*, 71 *Ga. App.* 138 (30 S. E. 2d, 354).

2. The Criminal Court of Fulton County, without the intervention of a jury, was authorized to find from the stipulation of

fact, introduced in evidence, that there was in operation in Fulton County, Georgia, on December 3, 1947, the date of the offense alleged in the accusation, a lottery known as the number game, operated in the manner described in the stipulation; and the court was further authorized to find from the other evidence that the officer who testified on the trial, E. C. Gabriel, went to the place of business of the defendant with another officer; that they found a locker drawer back of the place where the defendant was sitting, which was locked; that the defendant said he had a key to it and was fumbling for the key and could not open the drawer; but that Sergeant Eves, the accompanying officer, took the key and opened it himself, and the officers found therein four yellow sheets, which in the lottery game represent "writer-up sheets" which are collected from the writer and are picked up and carried to the lottery headquarters by what is known as the "pick-up man;" that this locked drawer contained a bag containing a certain sum of money and a slip of paper bearing the following information was in the bag with the money: "12-3-47. High and low money for Buster 15.15 [and lower on the slip] $15.15"; and that elsewhere in the defendant's place of business they found concealed in another drawer, which was not locked, an adding-machine ribbon or tape which in the lottery game is known as a "check-up sheet" which is made at lottery headquarters and returned to the writer-up man; and the court was authorized to find that all these items were parts of the paraphernalia used in the playing of the lottery game as described in the stipulation of fact, and that the defendant was using them in the playing of said lottery game.

The evidence, therefore, authorized the verdict finding the defendant guilty of participating in such lottery known as the number game.

The petition for certiorari was based solely on the general grounds; and since the evidence authorized the verdict, as we have said, and no other error of law appears, the superior court did not err in overruling the certiorari even after the same had been sanctioned. *Wells* v. *McMahon*, 26 *Ga. App.* 397 (106 S. E. 297) ; *Skipper* v. *Mayor & Council of Brunswick*, 29 *Ga. App.* 184 (114 S. E. 725).

*Judgment affirmed. Gardner and Townsend, JJ., concur.*