## 33264. GOSS *v.* THE STATE.

DECIDED OCTOBER 19, 1950.

*James R. Venable, Hubert C. Morgan,* for plaintiff in error. *Walter McCurdy, Solicitor,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The first special ground contends that the trial court erred in overruling the defendant's motion for a directed verdict. It is never error to refuse to direct a verdict. See *Weldon* v. *State,* 78 *Ga. App.* 530 (51 S. E. 2d, 605).

■ Where, as here, a conviction depends upon circumstantial evidence alone, it must be such as to exclude every other reasonable hypothesis save that of the guilt of the accused. Code, § 38-109. Also, the facts upon which it is relied to convict the defendant must be such as are not consistent with innocence. See *Davis* v. *State,* 13 *Ga. App.* 142 (1) (78 S. E. 866). In the present case there is no evidence that the defendant sold lottery tickets, and a verdict of acquittal was demanded on this count. As to maintaining a lottery, it is well established that proof of possession of lottery tickets, together with the time, place and manner of explanation of that possession, coupled with other evidence regarding the existence and manner of operating a lottery, is sufficient to sustain a conviction. *Holmes* v. *State,* 65

*Ga. App.* 13 (13 S. E. 2d, 114); *Jackson* v. *State,* 79 *Ga. App.* 149 (53 S. E. 2d, 120); *Morrow* v. *State,* 62 *Ga. App.* 718 (9 S. E. 2d, 699); *Williamson* v. *State,* 57 *Ga. App.* 636 (196 S. E. 97); *Flynn* v. *State,* 52 *Ga. App.* 382 (183 S. E. 194). But where the possession is not such as to exclude an innocent explanation of the circumstances, a conviction is not authorized. See *Chandler* v. *State,* 63 *Ga. App.* 304 (11 S. E. 2d, 103); *Hendricks* v. *State,* 73 *Ga. App.* 481 (37 S. E. 2d, 169). Here the lottery tickets were not found in the possession of the defendant. The only evidence to connect the defendant with the crime, the lottery tickets, was found under his car. He may have placed them there himself. His companion may have done so. They may have been lying there when the car was parked, or they may have been placed there while he was in the house. That the money on his person was somewhere in the neighborhood of equal to the total of the lottery tickets found under his car is not such an additional circumstance as will render the evidence sufficient to support the verdict. The evidence is therefore insufficient to exclude every reasonable hypothesis save that of the guilt of the accused.

The remaining special ground of the amended motion for a new trial is not passed upon as it is unlikely to recur upon another trial of this case.

The trial court erred in overruling the motion for a new trial on the general grounds.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*