33546. JONES *v.* THE STATE.

Decided September 25, 1951. Rehearing denied December 5, 1951.

*Wesley R. Asinof,* for plaintiff in error.

*John I. Kelley, Solicitor, Paul Webb, Solicitor-General, R. M. George, Charlie O. Murphy,* contra.

MacIntyre, P. J. H. G. Jones was convicted in the Criminal Court of Fulton County of a violation of the lottery laws, by keeping and maintaining what is generally known as the "numbers game." He made application, based solely on the general grounds, to the Superior Court of Fulton County for a writ of certiorari, which was sanctioned; but, on. the hearing of the application, the certiorari was overruled by a judge of the superior court, and the defendant assigns error on that judgment.

"Where in a petition for certiorari from an inferior court to a superior court, based solely on the general grounds, it appears that the evidence supports the verdict and no other error of law is assigned, the superior court does not err in overruling the certiorari." *Jackson* v. *State,* 79 *Ga. App.* 149 (53 S. E. 2d, 120); *Wells* v. *McMahon,* 26 *Ga. App.* 397 (106 S. E. 297); *Skipper* v. *Mayor &c. of Brunswick,* 29 *Ga. App.* 185 (114 S. E. 725).

The evidence for the State was that, on February 3, 1950, three police officers of the City of Atlanta had a certain parking lot and garage under surveillance in the City of Atlanta. They had taken positions so that all parts of the parking lot and garage and the approaches thereto could be observed. One of the officers, O. L. Adams, saw the defendant, H. G. Jones, drive into the parking lot in his car, get out, and enter the garage. Shortly thereafter, the officer saw a colored man, Leon Jernigan, come out of the garage, go to the defendant's car, take several sacks out of the car, and put them in a shopping bag which was sitting at the corner of a restaurant abutting the sidewalk and the parking lot. The officer then left his observation post and walked up the street to apprise the other officers of what he had

seen. As he was talking to the other officers, a taxicab passed them and drove into a parking lot. The officers followed the taxicab into the lot. A colored man, Matthew Henley, got out of the taxicab and dropped a sack of lottery tickets on the ground. The officers thereupon arrested the defendant Jones, and Jernigan and Henley. Adams then went to the corner of the parking lot and got the shopping bag into which he had seen Jernigan place the sacks taken from the defendant's car. Upon examination of the contents of the shopping bag, the bag was found to contain lottery paraphernalia exclusively, consisting of eleven sacks containing lottery tickets, representing the work of approximately 307 "writers."

Another of the officers, L. L. Hause, explained in detail the operation of the lottery, commonly known as the "numbers game," and explained the duties of the "station agent," "pick-up man," the "turn-in station," and "sack boy." The officer also testified that from his experience the pick-up man or station agent would have such paraphernalia in his possession.

The defendant introduced no evidence, but made a statement to the jury, admitting that he drove his car into the parking lot on the occasion in question, but denied any knowledge of the lottery tickets.

Conceding that the evidence was circumstantial, it was sufficient to authorize the jury to find that, under all the circumstances shown, the defendant was a pick-up man; that he delivered the lottery tickets to a turn-in station in sacks, which were taken from his car by the sack-man and placed in the shopping bag for the purpose of transmitting them to the lottery headquarters; and that the defendant was, therefore, performing one of the several acts entering into the conduct of the lottery business; and the jury was authorized to find that such evidence excluded every other reasonable hypothesis save that of the guilt of the defendant. *Derricott* v. *State,* 75 *Ga. App.* 703 (44 S. E. 2d, 303); *Poulos* v. *State,* 71 *Ga. App.* 730 (32 S. E. 2d, 101); *Wood* v. *State,* 71 *Ga. App.* 733 (32 S. E. 2d, 103); *Cutcliff* v. *State,* 51 *Ga. App.* 40 (179 S. E. 568); *Jackson* v. *State,* 79 *Ga. App.* 149 (53 S. E. 2d, 120); *Buchanan* v. *State,* 75 *Ga. App.* 477 (43 S. E. 2d, 584); *Williams* v. *State,* 62 *Ga. App.* 679 (9 S. E. 2d, 697).

The superior court did not err in overruling the certiorari.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*