### 35852. HIGHTOWER *v.* THE STATE.

TOWNSEND, J. 1. Testimony that police officers found in the defendant's robe an original writer's ticket, $11.00 in money and a pad similar to other blank pads found in her cupboard, and that she attempted to conceal on the person of another a writer's memorandum copy of another writer's ticket, both papers designating the writer by the same symbol, plus testimony as to the manner in which lotteries are operated within the county, is sufficient to authorize conviction. *Hightower* v. *State,* 63 *Ga. App.* 265 (10 S. E. 2d 765); *Morrow* v. *State,* 62 *Ga. App.* 718 (9 S. E. 2d 699); *Coppedge* v. *State,* 59 *Ga. App.* 358 (1 S. E. 2d 43), and citations.

2. The charge of the court that, "if you believe any one or more of the State's exhibits are original writer's tickets you would be authorized to find the defendant guilty, provided the other elements of the lottery have been proven," is not as contended reversible error, in view of the fact that the judge immediately following this excerpt stated as follows: "If you do not believe the defendant to be guilty or if you should have a reasonable doubt as to her guilt it would be your duty to acquit"; and also, "If you believe beyond a reasonable doubt that the defendant in the County of Fulton and State of Georgia on the 2nd day of December, 1953, did keep, maintain and operate a lottery known as the number game for the hazarding of money . . . you would be authorized to find the defendant guilty." Construing the charge as a whole, it is obvious that the jury could not have been misled into believing that the defendant should be convicted if a lottery ticket was found in her possession, regardless of whether or not she had any connection with any lottery being carried on in Fulton County, as contended.

The judge of the superior court did not err in overruling the petition for certiorari from the Criminal Court of Fulton County, assigning error on the conviction of the defendant in the latter court of the offense of keeping and maintaining a lottery.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 22, 1955.

*Frank Grizzard, Frank A. Bowers,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Charlie O. Murphy,* contra.