36527. FLEMING v. THE STATE.

Townsend, J. While conviction for the offense of keeping and
maintaining a lottery may be had on circumstantial evidence,
such evidence should be so clear and concise as to exclude
every other reasonable hypothesis save that of the guilt of the
accused. Ball v. State, 72 Ga. App. 45 (32 S. E. 2d 912);
Chandler v. State, 63 Ga. App. 304 (11 S. E. 2d 103). Where,
as here, the only evidence tending to connect the defendant
with a lottery is that after he and his wife had quarreled, and
he had spent several days away from home at a hotel, the
wife led police officers to a stack of 25 blank pads or "lottery
books" in the closet of their home, but the pads, although in
the form usually used for lotteries, had never been used or
stamped, and could not be used as lottery tickets, under the
evidence, unless they were stamped, and where officers familiar

with lottery operation testified to the effect that a lottery runner would be expected to have, in addition to tickets, some sort of memorandum pad, an operator would ordinarily need an adding machine and date stamp, and a tally man would be expected to have a tally sheet, but a thorough search of the premises disclosed none of these articles, the evidence taken as a whole is insufficient to sustain the verdict.

The trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 22, 1957.

*Lewis, Wylly & Javetz,* for plaintiff in error.

*Andrew J. Ryan, Solicitor, Sylvan A. Garfunkel, Thomas M. Johnson, Jr.,* contra.