111 Ga. App. 670 (1965)
143 S.E.2d 19
WILLIAMS
v.
THE STATE.
41292.
Court of Appeals of Georgia.
Argued May 4, 1965.
Decided May 12, 1965.
*672 B. Clarence Mayfield, for plaintiff in error.
Andrew J. Ryan, Jr., Solicitor, Sylvan A. Garfunkel, Tom A. Edenfield, contra.
EBERHARDT, Judge.
The evidence was ample to sustain a conviction, and the overruling of the motion was proper.
Reliance upon the cases of Bailey v. State, 60 Ga. App. 556 (4 SE2d 409); Chandler v. State, 63 Ga. App. 304 (11 SE2d 103); Jones v. State, 64 Ga. App. 308 (13 SE2d 91); Ball v. State, 72 Ga. App. 45 (32 SE2d 912); Goss v. State, 82 Ga. App. 533 (61 SE2d 570) and Fleming v. State, 95 Ga. App. 3 (96 SE2d 554) is misplaced. In Fleming it appeared that the defendant's wife, after a quarrel with her husband and while he was away staying at a hotel, led the police to the house and showed them 25 blank pads which might have been used for making lottery books. No other paraphernalia of any kind were found. It was not beyond probability that the wife had placed the pads in the house and then reported the matter to the police because of anger with her husband. In Ball a lottery ribbon was found in the home of one John Smith where the defendant and four others were arrested. He had no lottery paraphernalia on him and denied any knowledge of it. It was held that the circumstantial evidence was insufficient to connect the defendant with the ribbon. In Chandler the defendant had a piece of adding machine tape carrying a date and seven numbers on it. The witness for the State admitted that it could have been something other than a lottery ribbon. This was held insufficient to sustain a conviction. In Bailey a wife was prosecuted when 25 tickets were found in a room of the house where she lived and was. Since the husband lived there also the evidence was insufficient to exclude every reasonable hypothesis save guilt. In Goss the defendant and another in his car were followed by a police car for some distance, but they lost the trail. Shortly thereafter other police located the car standing in front of a house and when the defendant came out he was searched. He had no lottery tickets, ets, etc. but did have about $50 in money, mostly in bills, on him. Lottery tickets were found on the ground under the car. This *673 was insufficient. The evidence in Jones was insufficient for like reasons.
It will be seen at once that the facts here are not such as to make any of those cases controlling, for here the defendant was found alone in a house with the door fastened, where telephone calls were rapidly coming in to place bets on numbers. Lottery equipment was present. Although the defendant denied any connection with the house and contended that it was that of a man "on a ship," some of the callers identified him as the one with whom they wished to place bets.
The circumstantial evidence was strong and the defendant's explanation of his presence was weak and equivocal. The conviction was authorized.
Judgment affirmed. Nichols, P. J., and Pannell, J., concur.