## 41669. WINFORD v. THE STATE.

HALL, Judge. The defendant contends that the State's evidence was insufficient to prove her guilty of the crime of which she was accused. The accusation alleged that the defendant "did unlawfully keep, maintain, employ and carry on a certain scheme and device for the hazarding of money . . . known as and called 'Bolita.'" By *Code* § 26-6502 this is made a crime.

There was testimony of the following facts: Officers had had the defendant's house under surveillance and noticed an unusual amount of traffic and some people going in who had been involved in Bolita. Officers procured a warrant and went to the house and gained entrance after waiting about .7 minutes. This was in August and the house was not air conditioned, and all the doors and windows were closed. In the house were the defendant, an 8-year-old boy and an elderly woman who said she had come there to see about going to a clinic. The defendant in her statement said the officers had come to her home. While in the house an officer answered the telephone and over a period of 1½ to 2 hours took several calls and received numbers for Bolita. The callers asked for Dorothy. One of them left an order for "Dot." The defendant would not answer the telephone. While the officers were there a person started into the house and was caught running away. He stated that he had come there to see about some sewing, and he had a book in his pocket containing Bolita. The officers described the operation of Bolita and identified it as a game for the hazarding of money.

This evidence differs from that in the cases relied on by this defendant where the defendant was merely present or arrested in a house where he did not live, or the defendant was a married woman living with her husband at the place where evidence of a Bolita operation was found, and the evidence was held insufficient to support a conviction. See

*Bailey v. State,* 60 Ga. App. 556 (4 SE2d 409) ; *Jones v. State,* 64 Ga. App. 308 (13 SE2d 91) ; *Ball v. State,* 72 Ga. App. 45 (32 SE2d 912) ; *Hendricks v. State,* 73 Ga. App. 481 (37 SE2d 169) ; *Fleming v. State,* 95 Ga. App. 3 (96 SE2d 554) ; *Chandler v. State,* 63 Ga. App. 304 (11 SE2d 103) ; *Goss v. State,* 82 Ga. App. 533 (61 SE2d 570).

The trial court did not err in overruling the defendant's motion for new trial on the general grounds. *Thomas v. State,* 118 Ga. 774 (45 SE 622) ; *Marshman v. State,* 88 Ga. App. 250 (76 SE2d 443) ; *Williams v. State,* 111 Ga. App. 672 (143 SE2d 19).

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*

ARGUED JANUARY 5, 1966—DECIDED JANUARY 18, 1966.

B. *Clarence Mayfield,* for appellant.

*Andrew J. Ryan, Jr., Solicitor, Tom A. Edenfield,* for appellee.