32834.   FIGURES *v.* STATE.
32866.   JAMES *v.* STATE.

DECIDED FEBRUARY 9, 1950.

*Julius F. Fine,* for plaintiffs in error.

*Andrew J. Ryan, Solicitor-General, Sylvan A. Garfunkel, Herman W. Coolidge,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Ground 1 of the amended motion for a new trial of Willie Mae Figures, and grounds 1 and 2 of the amended motion for a new trial of Ben James complain of identical charges of the court as to the amount of evidence necessary to corroborate a confession in order to justify conviction. The court charged Code § 38-420 in its entirety, the part complained of being, "a confession alone, uncorroborated by any other evidence, shall not justify a conviction." This is not too indefinite, in the absence of specific request to charge more fully on the amount of corroboration necessary. In *Griner* v. *State,* 121 *Ga.* 614 (5) (49 S. E. 700), it was held that a charge to the effect that proof of the corpus delicti may be, but is not necessarily, a sufficient corroboration of a confession of guilt, and that the jury are the judges of what

amount of corroboration shall be necessary, correctly stated this principle of law. In *Williams* v. *State*, 199 *Ga.* 504, 510 (34 S. E. 2d, 854), the court held: "The instruction, 'a confession alone, uncorroborated by any other evidence, shall not justify a conviction,' was not erroneous, misleading, or confusing, for not giving in connection therewith any rule to test the degree of corroboration, or that the jury were the judges of the sufficiency of corroboration. The above excerpt· is a quotation from the last sentence of section 38-420 of the Code. This entire section was given in charge, and if additional instructions were desired, a timely and proper request therefor should have been made." These grounds of the amended motion for a new trial are therefore without merit.

■ Ground 2 of the amended motion in Case No. 32834, which is considered with the general grounds, complains that the corroborative evidence did not establish the corpus delicti sufficiently to amount to corroboration of the defendant's confession. On the defendant's dresser were found 136 tickets, together with $46.36 in change. Another book of tickets and $29.30 were found on the person of her codefendant who also stated that he was "just trying to help Willie Mae sell a few tickets." In both cases the ticket books and money were found, either upon the person of the defendant or concealed in a location suggesting the defendant's agency. In *Allen* v. *State*, 67 *Ga. App.* 269 (19 S. E. 2d; 843), the discovery of lottery paraphernalia in the home of the defendant was held to be sufficient corroboration of a confession, although the latter was repudiated at the time of trial, and the defendant claimed that the equipment had been brought in by her boarders while she was sick and away from home. Location of tickets under the apparent custody of the defendant was held to be sufficient corroboration in *Ivey* v. *State*, 67 *Ga. App.* 268 (19 S. E. 2d, 844), *Mack* v. *State*, 65 *Ga. App.* 812 (16 S. E. 2d, 519), and numerous other cases. It must therefore be concluded that the location of the ticket books and money under circumstances as testified by the State's witnesses in these cases was sufficient corroboration of the confessions in each case to authorize the jury to return verdicts of guilty.

The trial court did not err in overruling the motions for new trials in each case.

*Judgments affirmed. MacIntyre, P.J., and Gardner, J., concur.*