## 32821. GIBSON *v.* THE STATE.

DECIDED FEBRUARY 18, 1950.

*David S. Bracker, James N. Rahal,* for plaintiff in error.

*Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel, Herman W. Coolidge,* contra.

GARDNER, J. 1. (a) The defendant was convicted of gambling in a game generally known as bolita. He filed his motion for a new trial on the usual general grounds and thereafter amended by adding five special grounds. The court overruled his motion and he assigns error here.

The evidence was conflicting, the State, on the one hand, contending that the defendant was in possession of bolita tickets

28

which he had in his pocket and which he threw away after the officers began chasing him. The defendant's contention, on the other hand, was that he did not throw away any bolita tickets; that he did not possess any; that he was at the place where the officers first saw him for the purpose of getting breakfast; that it was about seven o'clock in the morning; that he passed through the eating place and went into the back part of the building for the purpose of going to a rest room. He makes no contention that the paraphernalia which he had, including bolita tickets, was not that commonly used in carrying on a gambling device. After the officers arrested the defendant, they searched him and found money on him, which he admits in his statement. The defendant was the driver of an ice truck. He did not park this truck near the place where he contends that he went for breakfast, but parked it some distance away. It may be inferred from the evidence that the officers were particularly assigned to apprehend and arrest those engaged in the gambling scheme and device of the game generally known as bolita. And it may be inferred that for some reason they particularly had this defendant under surveillance with reference to this crime. One of the officers had been an experienced operator in this gambling device and had reformed. He knew the ins and outs of the gambling scheme and was permitted to give in detail, without objection, the manner and operation of the game, and he testified positively that the tickets which the officers found in the possession of the defendant and which they saw him throw away while they were pursuing him, were paraphernalia used in the operation of the game. When the officers first saw the defendant, he was standing in front of a store and eating place. The whole evidence authorized the jury to infer that for some reason or another the officers had their eyes on this particular defendant because of his connection with this gambling device. When the officers approached him, the defendant fled from the front of the store and went out into the back of the yard, attempting to open a gate which was fastened, which gate opened from the yard. The pursuit of the officers was so rapid and close to the defendant that he could not or did not escape through the gate or over the fence. At this time he reached in his pocket, took out a book of bolita tickets,

and threw it over the fence, in plain view of the officers. The defendant was arrested there. One of the officers took charge of him and the other officer climbed over the fence and procured the tickets which the defendant had thrown over the fence. The evidence with regard to the manner in which the bolita · game was operated, the money which the officers took from the defendant on searching him after the arrest, his flight, and other attendant facts, authorized the verdict.

The evidence authorized the conviction so far as the general grounds are concerned.

(b) The first special ground complains of reversible error because the court failed to charge, upon written request, the principle of law applicable to circumstantial evidence. In view of the evidence and the entire charge of the court, this ground is without merit.

(c) The court charged the principle of law with reference to flight. It is contended that the charge on this point is incomplete, ambiguous and confusing to the jury. From the whole record this ground is without merit.

(d) The third special ground complains that the court refused to permit the jury to view the premises where the alleged crime took place after counsel for the defendant had requested such view. This was entirely a matter within the discretion of the court. See *Pope v. State,* 150 *Ga.* 703 (7) (105 S. E. 296).

(e) In the seventh special ground it is contended that the court failed to sufficiently charge on the credibility of witnesses as contained in the Code, § 38-1806. Looking to the charge as a whole, this special ground has no merit.

(f) Special ground 5 assigns error because of the following charge of the court: "The facts you get from the witnesses who testified, and from such evidence as has been introduced and admitted, and from the statement of the defendant." Error is assigned on this charge (1) that it is incomplete and confusing and misleading, since it failed to furnish the jury with some intelligent guide by which to solve and determine the conflict in testimony which existed in the instant case; (2) that it did not properly instruct the jury on the question of the credibility of witnesses, their means of knowledge, their demeanor on the stand and other pertinent rules by which the

jury could determine the credibility of witnesses. This ground has no merit, since there was no special request to charge. See *Fort v. State*, 31 *Ga. App.* 525 (121 S. E. 128); *Benton v. State*, 185 *Ga.* 254 (194 S. E. 166).

In conclusion, we might state that the defendant cites no authority except the Code section mentioned above, to sustain his position, except as to special ground 1. In support of this ground he cites *Riley v. State*, 1 *Ga. App.* 651 (57 S. E. 1031), *Middleton v. State*, 7 *Ga. App.* 1 (66 S. E. 22), and Code § 38-109. All the assignments of error in this case are elementary and really need no citation of authority to prove them without merit. We might add, however, that the evidence shows that the case was based on direct and not circumstantial evidence. The cases cited have no application to the facts in this case and to the charge of the court. It may be inferred from the circumstances of this case and from other cases which have recently been appealed to this court that the gambling scheme and device of bolita is running rampant in Chatham County in a manner similar to the gambling scheme and device generally known as the numbers game in other sections of the State.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed.—MacIntyre, P. J., and Townsend, J., concur.*