33287. GOLDWIRE *et al. v.* THE STATE.

DECIDED FEBRUARY 6, 1951.

*John J. Sullivan, Emanuel Lewis,* for plaintiff in error.

*Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel,* and *Herman W. Coolidge,* contra.

MacINTYRE, P. J. The defendants, Bennie Goldwire and Mildred Goldwire, were tried together under an accusation which charged that they "did unlawfully keep, maintain, employ and carry on a certain scheme and device for the hazarding of money other than a lottery, said scheme and device being known as and called 'Bolita'." Both defendants were convicted. They made identical motions for a new trial, based upon the usual grounds and one special ground. The motions were overruled and the defendants excepted.

1. In special ground 1 of the motions for a new trial, error is assigned "because the court erred in failing to admit *all* of the papers found in the premises of movant when a portion of the same was introduced by the State and when movant proffered the remaining papers to explain the two introduced by the State." The following "Rulings of the Court" appears in the record at page 10-½ immediately preceding the brief of evidence: "Mr. Garfunkel [Solicitor]: We would like to introduce

in evidence these things identified by Detective Barnes as having been found in the garage of Benny Goldwire, in his office, and as testified to as the property of both, it being in the garage of Benny Goldwire and Mildred Goldwire, she having identified them as the books that she kept. The Court: If there is no objection, they are in. Mr. Ranitz [Counsel for the defendants]: We have no objection. They are all in evidence. The Court: The only things you have introduced, you had better mark this as Exhibit No. 1 and Exhibit No. 2. Mr. Ranitz: Just a minute now. I didn't understand he was introducing just two. He is correct that all of these were at the preliminary trial. These were all introduced in Police Court, as evidence in the case, and I feel it should go in. The Court: He is only using two articles so far. If there is any question about it at all, it is a question whether it would be admissible, that is, as to the two that are offered. I have admitted those two. Mr. Ranitz: I submit, sir, that the jury should have the benefit of everything found in the man's place of business that will indicate guilt or innocence. The Court: I am conducting the case. Mr. Garfunkel: I have only offered those, because there are so many things there that might be confusing. I have not offered those; I have only offered these two. The Court: All right, sir, those are in, the State's Exhibits No. 1 and No. 2. Mr. Ranitz: We ask that all the papers be admitted." Appearing in the brief of evidence proper, is the following: "Mr. Garfunkel: We would like to introduce in evidence these things identified by Detective Barnes as having been found in the garage of Benny Goldwire, in his office, and as testified to as the property of both, as being in the garage of Benny and Mildred Goldwire identified them as the books that she kept. The Court: If there is no objection they are in. Marked Exhibit 1 and Exhibit A, for the State. Mr. Garfunkel: With that the State rests. Mr. Ranitz: I didn't understand just two were being introduced I submit the jury should have the benefit of everything that was taken from that man in his place of business, to indicate his guilt. Mr. Garfunkel: Mr. Ranitz is going to offer witnesses and will lose nothing by it. I will give them to Mr. Ranitz and let him introduce them. The Court: All right, it is in." Whichever of these two accounts we accept as stating correctly what occurred in reference to the pa-

pers which the defendant wished introduced, the assignment of error is without merit. The defendant could not force the State to introduce more of the papers than the State wished, and at the time the defendant objected to the exclusion of the papers, according to the "Rulings of the Court," the State was introducing its evidence, and the defendants could not with propriety offer their evidence at that time in the absence of an agreement by the State that they might do so. Further, it does not appear in the "Rulings of the Court" that the court made any ruling upon the defendants' only request that the papers be admitted. From the colloquy which appears in the brief of evidence, it appears that the State turned over the remaining papers to counsel for the defendants with the offer that he might introduce them in presenting his side of the case and the court ruled: "All right it is in." However, if this last statement of the court be construed as referring to the two papers introduced by the State, the assignment of error is still without merit as it nowhere appears in the record that the defendants proffered the remaining papers and they were excluded by the court. This ground of the motions for a new trial is without merit.

■ Under the general grounds, the defendants contend that the evidence did not support the verdict and was therefore contrary to law in that the accusation charged the defendants with one crime and that if any crime was committed, all the evidence shows that it was not the crime charged in the indictment; or, to state the contention more concretely, the defendants contend that since the accusation charged the defendants with keeping, maintaining, employing, and carrying on a scheme and device for the hazarding of money *"other than a lottery,"* known as bolita, and, that since bolita is a lottery, proof that the defendants were engaged in keeping, carrying on, and maintaining a bolita scheme or device does not support the allegations of the accusation.

The act of 1877 (Ga. L. 1877, p. 112) from which Code § 26-6502 was codified provides: "That it shall not be lawful for any person, or persons, either by themselves, servants, agents, employees, or others, to keep, maintain, employ, or carry on any lottery in this State, or other scheme or device for the hazarding of any money or valuable thing: Provided, that nothing herein

shall affect any of the laws now existing against gaming." This section prohibits the hazarding of money or other valuable thing at lottery or other scheme or device whether it be a raffle, gift enterprise, bolita, slot machine, or by whatever name it may be known; and to keep, maintain, employ, or carry on any such scheme or device for the hazarding of money or other valuable thing is a violation of this section. In *Kolshorn* v. *State*, 97 *Ga.* 343 (23 S. E. 829), the following indictment was held to be legally sufficient: "[The defendant] did unlawfully keep, maintain, employ and carry on a certain scheme and device for the hazarding of money or other valuable thing, said scheme and device being called and known as a nickel-in-the-slot machine." Consequently, we think, the following language of the accusation in this case sufficiently charged a violation of this section: "Defendants . . did unlawfully keep, maintain, employ and carry on a certain scheme and device for the hazarding of money *other than a lottery*, said scheme and device being known as and called 'Bolita'." (Italics added.) The proof of the playing of the game of bolita as described in the testimony of the witnesses is a criminal violation of Code § 26-6502. *Polite* v. *State*, 80 *Ga. App.* 835 (57 S. E. 2d, 631); *James* v. *State*, 80 *Ga. App.* 832 (57 S. E. 2d, 629); *Figures* v. *State*, 80 *Ga. App.* 832 (57 S. E. 2d, 629); *Gibson* v. *State*, 81 *Ga. App.* 27 (57 S. E. 2d, 706); *Huff* v. *State*, 81 *Ga. App.* 461 (59 S. E. 2d, 43). The italicized words, "other than a lottery," are mere surplusage. The section of the Code now under consideration prohibits lotteries and schemes and devices in the nature of lotteries. *Meyer* v. *State*, 112 *Ga.* 20 (37 S. E. 96). The evidence supported the accusation and authorized the verdict.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*