36979.   JAMES *v*. THE STATE.

DECIDED JANUARY 16, 1958.

*Robert J. Duffy,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, Sylvan A. Garfunkel, James S. Glass, Jack H. Usher, Assistant Solicitors-General,* contra.

GARDNER, Presiding Judge. This case is before this court on the general grounds only. We have set out the evidence which shows the possession of bolita tickets on November 15th, 1956. The evidence as to the possession showed an unsatisfactory explanation as to why the defendant had the tickets.

Counsel for the defendant cites in support of his contentions *Arnold* v. *State,* 85 *Ga. App.* 366 (69 S. E. 2d 615). That case does not aid the defendant. Not only are the facts different, but even if the facts fit the facts in the instant case, the ruling is against the defendant. *Flagg* v. *State,* 65 *Ga. App.* 791, 792 (16 S. E. 2d 516) cited by counsel for the defendant, shows by the facts that the lottery tickets were found on the defendant's person and were properly admitted as evidence against the defendant. The court in that case used the following language: "Articles taken from the person or premises of the accused, tending to establish his guilt of the offense of which he is charged, are admissible in evidence against him." In *Goss* v. *State,* 82 *Ga. App.* 533 (61 S. E. 2d 570) cited by counsel for the defendant, the facts show that the tickets were not found on the defendant's person, and not even in the car, but were found underneath the car. Therefore that case is not authority for reversal of the instant case.

The instant case shows evidence that the game of bolita was operating in Savannah at the time the defendant was arrested with tickets on his person and in the locked glove compartment of his car.

In *Morrow* v. *State,* 63 *Ga. App.* 264 (10 S. E. 2d 762) cited by the State, tickets were found under the seat of the defendant's car, the defendant contending that the tickets did not belong to him but that he had loaned the car to another person. This court affirmed the judgment of the trial court in that case. The facts in that case are very much like the facts in the instant case. In the instant case, as stated hereinabove, the defendant contended that he was carrying the tickets to someone for a friend. In support of affirmance of the instant case see *Holmes* v.

*State,* 65 *Ga. App.* 13 (13 S. E. 2d 114); *Derricott* v. *State,* 75 *Ga. App.* 703 (44 S. E. 2d 303), and *James* v. *State,* 80 *Ga. App.* 832 (57 S. E. 2d 629).

When all of the evidence in the instant case is taken together, we find that the verdict of the jury is founded upon more than mere possession of bolita tickets and does not come within the scope of cases which show mere possession and nothing more. The evidence is sufficient to exclude every reasonable hypothesis save that of the guilt of the accused.

The court did not err in denying the motion for new trial on the general grounds only.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*