## 40523. RADCLIFF v. THE STATE.

DECIDED JANUARY 20, 1964—REHEARING DENIED JANUARY 28, 1964.

*W. George Thomas*, for plaintiff in error.

*George D. Lawrence, Solicitor General*, contra.

NICHOLS, Presiding Judge. 1. The sole special ground of the defendant's amended motion for new trial complains that the trial court erred in overruling a motion for mistrial made when the following colloquy occurred while counsel for the defendant was making his closing argument to the jury:

"By Mr. Lawrence: I move that the jury be permitted to walk out and look at the car. By Mr. Thomas: I object to that now, Your Honor, he should have done that before we argued the case, and I move for a mistrial for him making that statement in the presence of the jury. By The Court: Well, I think it should probably have been made a little earlier, Mr. Solicitor, so I deny your motion. Gentlemen, you will disregard the motion made by the Solicitor General and give it no weight whatever in reaching your verdict."

In support of this motion the defendant cites *Crawford v. State*, 41 Ga. App. 486 (153 SE 380), where a new trial was granted after a jury was permitted to view an automobile in which the prosecutor was seated at the time the defendant allegedly shot him. In that case the judgment of the trial court

overruling the defendant's motion for new trial was reversed, but not because the jury viewed the automobile. The judgment was reversed because the defendant was not present during such part of the trial. No examination of the automobile was permitted in the present case and therefore such case is distinguishable from the one sub judice.

In *Bostock v. State,* 61 Ga. 635, the Supreme Court held that the trial court should not require a defendant to state in the presence of the jury whether he objected to the jury viewing the premises where the crime allegedly took place. Of course the determination of whether the jury should be permitted to view the premises is a matter within the discretion of the trial court. See *Pope v. State,* 150 Ga. 703 (7) (105 SE 296); *Gibson v. State,* 81 Ga. App. 27, 29 (57 SE2d 706).

The motion by the solicitor general in the presence of the jury was improper but it does not appear from the record that the defendant was required to object in the presence of the jury although he did in fact so object and moved for a mistrial. In *State Hwy. Dept. v. Sinclair Refining Co.,* 103 Ga. App. 18 (118 SE2d 293), it was shown that the proper procedure where such a motion is made in the presence of the jury is for the court to exclude the jury without any motion by the defendant, and if this is not done for the defendant to ask that the jury be excluded so that any objection can be made in the absence of the jury. In the event the trial court fails to exclude the jury on its own motion and denies the defendant's motion to do so and the defendant is thus forced to make his objection in the presence of the jury a new trial will be granted where the evidence is conflicting.

In the present case no motion was made to exclude the jury and the defendant was therefore not forced to make his objection in the presence of the jury. The jury was instructed not to consider the motion made by the solicitor general and informed that the motion made by him was made too late. Accordingly the trial court did not abuse his discretion in overruling the motion for mistrial.

2. The evidence adduced on the trial of the case authorized the verdict of assault with intent to murder and the judg-

ment overruling the defendant's motion for new trial was not error for any reason assigned.

Judgment affirmed. *Hall and Russell, JJ., concur.*