D<small>ECIDED</small> S<small>EPTEMBER</small> 7, 1990.

*Thomas R. Herndon*, for appellant.

*H. Pearce Scott, John M. Tatum, Booth, Wade & Campbell, Brian J. Morrissey, Douglas N. Campbell*, for appellees.

## A90A1267. GURLASKIE v. THE STATE.
### (397 SE2d 66)

B<small>IRDSONG</small>, Judge.

Gurlaskie appeals his conviction and sentence for aggravated assault by shooting his wife in the face with a shotgun. Gurlaskie alleges that he was just playing a joke and that the shooting was accidental. *Held:*

1. Gurlaskie contends the prosecution did not prove his guilt beyond a reasonable doubt because there was no proof he intentionally shot his wife with the shotgun. He relies on his own testimony that he was playing a joke on his wife and did not intend to shoot her and the victim's testimony labeling the event an accident, i.e., an event transpired about "a year before the accident." The victim, however, testified that after an evening of argument, Gurlaskie slammed open the door, pointed the shotgun at her, said "you deserve this," and then the gun fired. Pellets from the shot struck the victim's face and the bed in which she had been sleeping.

After a *Jackson v. Denno* hearing, the prosecution introduced statements Gurlaskie made to the police. In particular, the investigating officer testified that Gurlaskie stated: "She didn't think that I'd shoot her, so, I got a shotgun, I went into the bedroom and I shoot [sic] the bitch" and "I wished I had killed the bitch, but I don't think I did."

"On appeals from findings of guilt, the presumption of innocence no longer prevails, the fact finders have determined the credibility of witnesses, the fact finders have been convinced beyond a reasonable doubt, and the appellate courts review the evidence only to determine if there is any evidence sufficient to authorize the fact finder to return the verdict of guilty. [Cits.]" *Ridley v. State*, 236 Ga. 147, 149 (223 SE2d 131). On appeal we view the evidence in a light most favorable to the verdict (*Watts v. State*, 186 Ga. App. 358 (366 SE2d 849)), and we do not speculate which evidence the jury chose to believe or disbelieve. *Mills v. State*, 137 Ga. App. 305, 306 (223 SE2d 498). Review of

the transcript "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that [Gurlaskie] was guilty of [aggravated assault] as charged." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baggett v. State*, 257 Ga. 735 (363 SE2d 257).

2. Gurlaskie also alleges the trial court erred by allowing testimony about Gurlaskie's statements because the prosecution failed to prove that Gurlaskie knowingly and intelligently waived his right to counsel. This allegation is based on the absence of Gurlaskie's signature on the rights waiver form and the argument that Gurlaskie was too intoxicated to have knowingly and intelligently waived his rights. The only evidence before the trial court in the *Jackson v. Denno* hearing, however, was the officer's testimony, the rights waiver form, and the officer's summary of Gurlaskie's statement.

The officer testified that he properly advised Gurlaskie of his rights to counsel, that Gurlaskie waived his rights and agreed to make a statement, but that Gurlaskie refused to sign the rights waiver. The officer also testified he did not believe Gurlaskie to be too intoxicated to make a statement and testified about the facts underlying his belief. After considering this evidence, the trial court found that Gurlaskie was able to carry on a coherent conversation, that he understood his rights, that he waived his rights, and that the statements could go to the jury.

"Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal. The question of whether or not a defendant is capable or incapable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge and will be accepted by this court unless such determination is clearly erroneous. The trial court's ruling was not clearly erroneous." (Citations and punctuation omitted.) *Brown v. State*, 259 Ga. 453, 454 (383 SE2d 882). See *Carter v. State*, 257 Ga. 510, 513 (361 SE2d 175); *Durden v. State*, 250 Ga. 325, 327 (297 SE2d 237); *Thaxton v. State*, 184 Ga. App. 779, 781 (362 SE2d 510). Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 7, 1990.

*John H. Tarpley*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, J. Michael McDaniel, Assistant District Attorneys*, for appellee.