## A91A2060. WILLIAMS v. THE STATE.
### (415 SE2d 327)

BIRDSONG, Presiding Judge.

Robert W. Williams, Sr., appeals his conviction for rape, having been indicted for rape and aggravated assault. The offense occurred early on August 4, 1990, after appellant came to the home of the 16-year-old victim, who was a friend of his son. Appellant told the victim his son told appellant to come get the victim. The victim's mother allowed her to drive away with appellant; however, instead of taking the victim to his son, appellant drove down a dirt road. According to the victim, appellant raped her after threatening her with a gun. A medical examination showed the presence of sperm in the victim but the sperm was not identified as appellant's. At trial appellant objected to the introduction of a letter appellant had written to the victim's mother while appellant was in jail; he unsuccessfully requested the court to allow the jury to view his car, which he contended was too small to permit the conduct which the victim described. Appellant asserts these as errors and complains that the evidence was insufficient to support the verdict. Held:

1. As to the sufficiency of the evidence, appellant contends that since the jury found him not guilty of aggravated assault in the use of a gun in forcing the rape, the jury necessarily found the lack of force in the sexual relations. Obviously, this is not correct. The victim testified appellant pressed his elbow in her throat and exerted other force upon her, that she refused to have sexual intercourse and begged him to take her home but he would not. The jury heard evidence that the victim was a sexually active person; nevertheless, as to the questions of force, consent, and identity, the jury determined appellant committed the crime of rape. On appeal of criminal convictions, we do not weigh the evidence or determine the credibility of witnesses; these are jury functions. When the jury has considered the evidence and made its finding, then on appeal the evidence is construed in favor of the jury's verdict. Gurlaskie v. State, 196 Ga. App. 794 (397 SE2d 66). On review of a verdict of guilty, we merely determine whether the evidence is sufficient from which a rational trier of fact could conclude

beyond a reasonable doubt that appellant committed the offense as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). We so find in this case.

2. The trial court did not err in permitting the victim's mother at trial to read a letter which appellant wrote her while he was in jail, in which appellant offered money if the charges would be dropped and threatened retribution otherwise. Appellant contends he was entitled to receive a copy of this letter as a "statement" made by him while in police custody, pursuant to OCGA § 17-7-210, but we have held that a letter "voluntarily written to a stranger to the proceedings" is not such a "statement" to which that Code section entitles defendant to receive prior to trial. *Franklin v. State*, 166 Ga. App. 375, 377 (304 SE2d 501). A letter voluntarily written to a party other than the state or law enforcement officers is prima facie not a "statement given by [defendant] while in police custody" which is subject to OCGA § 17-7-210. Moreover, when appellant made objection at trial to the reading of this letter, the prosecutor stated that the letter was not in the State's possession but was "this lady's mail."

3. The trial court did not abuse its discretion in denying appellant's request to permit the jury to view the vehicle. See generally *Mainor v. State*, 259 Ga. 803 (387 SE2d 882); *Radcliff v. State*, 109 Ga. App. 19 (134 SE2d 845). Appellant introduced photographs of the interior of the vehicle and questioned witnesses and argued extensively that the car's interior was too small for the described events to have occurred, and thus had ample opportunity to advance this theory to the jury.

4. On the grounds alleged, the trial court did not err in refusing to grant appellant a new trial.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED FEBRUARY 7, 1992.

*Lawrence & Ford, Gale J. Farlow*, for appellant.
*Joseph H. Briley, District Attorney, James L. Cline, Jr., Assistant District Attorney*, for appellee.