A96A1437. CORNELL v. THE STATE.
(474 SE2d 634)

MCMURRAY, Presiding Judge.

Defendant was tried before a jury for kidnapping with bodily injury, rape, false imprisonment, possession of a firearm by a convicted felon and obstruction of an officer in that he did resist and obstruct S. E. Buice and G. R. Horner, law enforcement officers, in the lawful discharge of their duties, by offering and doing violence to the officers. The evidence adduced at trial reveals that defendant physically resisted arrest when law enforcement officers entered defendant's home to execute a warrant for defendant's arrest. The jury found defendant guilty of obstruction of an officer, but could not reach verdicts as to the other crimes charged in the indictment. This appeal followed the denial of defendant's motion for new trial. *Held*:

Defendant challenges the sufficiency of the evidence, arguing that he did not wilfully and knowingly resist the officers when they entered his home. Defendant explains that he was merely attempting to stand when the arresting officers forcibly entered his home and violently subdued him with unwarranted force. This enumeration of error is without merit.

"On appeal of criminal convictions, we do not weigh the evidence or determine the credibility of witnesses; these are jury functions. When the jury has considered the evidence and made its finding, then on appeal the evidence is construed in favor of the jury's verdict. *Gurlaskie v. State*, 196 Ga. App. 794 (397 SE2d 66). On review of a verdict of guilty, we merely determine whether the evidence is suffi-

cient from which a rational trier of fact could conclude beyond a reasonable doubt that appellant committed the offense as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." *Williams v. State*, 202 Ga. App. 728 (1), 729 (415 SE2d 327). In the case sub judice, Officer S. E. Buice of the DeKalb County Police Department testified that defendant "made a lunge toward [him] from the couch" when he attempted to execute the warrant for defendant's arrest. Officer Buice explained that a violent struggle then ensued and that he and other law enforcement officers subdued defendant and executed the warrant for defendant's arrest. Detective G. R. Horner of the DeKalb County Police Department testified and corroborated Officer Buice's testimony that defendant violently resisted arrest. This evidence alone is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of obstruction of an officer as charged in the indictment. *Jackson v. Virginia*, 443 U. S. 307, supra; *Duitsman v. State*, 212 Ga. App. 348 (1) (441 SE2d 888).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED JULY 22, 1996 —
RECONSIDERATION DENIED AUGUST 13, 1996.

*Letitia B. Delan*, for appellant.

Eddie Cornell, *pro se.*

*J. Tom Morgan, District Attorney, Robert M. Coker, Jacqueline S. Hardy, Assistant District Attorneys*, for appellee.