A97A1309. DAILEY v. THE STATE.
(491 SE2d 639)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of violating the Georgia Controlled Substances Act (sale of clonazepam). This appeal followed the denial of defendant's motion for new trial. *Held*:

Defendant challenges the sufficiency of the evidence in the sole enumeration of error, arguing that the State's key witness — a police informant — is not worthy of belief. This argument is without merit.

" 'On appeal of criminal convictions, we do not weigh the evidence or determine the credibility of witnesses; these are jury functions. When the jury has considered the evidence and made its finding, then on appeal the evidence is construed in favor of the jury's verdict. *Gurlaskie v. State*, 196 Ga. App. 794 (397 SE2d 66). On review of a verdict of guilty, we merely determine whether the evidence is sufficient from which a rational trier of fact could conclude beyond a reasonable doubt that appellant committed the offense[s] as

charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).' *Williams v. State*, 202 Ga. App. 728 (1), 729 (415 SE2d 327)." *Cornell v. State*, 222 Ga. App. 476 (474 SE2d 634). In the case sub judice, Officer Michael Leonard of the Dalton Police Department gave a detailed account of a controlled drug buy he arranged at defendant's residence. This testimony, the informant's testimony regarding the manner in which defendant sold the informant a controlled substance during the controlled drug buy, and testimony confirming that this substance was actually a controlled substance under the Georgia Controlled Substances Act authorizes the jury's finding that defendant is guilty, beyond a reasonable doubt, of the crime charged. *Jackson v. Virginia*, 443 U. S. 307, supra.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED AUGUST 18, 1997.

*Bates, Kelehear, Starr & Cherof, Harlan M. Starr*, for appellant.
*Kermit N. McManus, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney*, for appellee.