### THOMAS *v.* THE STATE.

1. Where the indictment charges the defendant with keeping, maintaining, and operating a lottery scheme, proof that he kept or maintained the same is sufficient to warrant a conviction, without showing a drawing.

2. Not only the proprietor, but all agents assisting in keeping, maintaining, or operating a lottery are liable as principals.

3. Where it appeared that the defendant was found in control of what he admitted was a "policy shop," with the paraphernalia used in drawings exposed to view therein, and when arrested stated that he "did not run the place, but was waiting in the place of another" person, there was evidence sufficient to support a conviction.

Submitted October 20, — Decided October 29, 1903.

Indictment for keeping policy lottery. Before Judge Seabrook. Chatham superior court. August 1, 1903.

*Robert L. Colding*, for plaintiff in error.
*W. W. Osborne, solicitor-general*, contra.

LAMAR, J. Thomas was indicted for keeping, maintaining, and carrying on a certain scheme or device for the hazarding of money, known as a "policy lottery." He was found guilty, and made a motion for a new trial on the ground that the verdict was without evidence to support it. It appears that when the defendant was arrested by the officers he was alone in a room in which were found books, numbers, and the paraphernalia used for writing "policies." When asked by the deputy sheriff why he did not stop the business, he said, "I am here waiting in another boy's place; I am not the man who runs the place." In his statement he claimed that he was a hotel waiter, but gave no other explanation of his presence in the house. As clerks and others who assist the manager of the scheme are to be treated as principals, and as he appeared to be in control of what he admitted was a "policy shop," and claimed that he was waiting in some one else's place, there was enough evidence to support a verdict of guilty. As the statute makes penal the keeping, maintaining, or carrying on such a device, it was sufficient to show the keeping or maintenance of such a scheme, without going further and proving an actual drawing. While the indictment charged the defendant with doing each of the prohibited acts, proof that he was guilty of any one would be sufficient to warrant his conviction. *Cody* v. *State*, post, 784; Penal Code, § 407.

*Judgment affirmed. All the Justices concur.*