## LYNCH *v.* THE STATE.

GILBERT, J.  1. The court did not err in overruling the demurrer to the indictment.

2. The ground of the motion for a new trial complaining of a portion of the charge of the court is without merit, for any reason assigned.

3. The evidence supports the verdict of guilty.

*Judgment affirmed.  All the Justices concur, except Russell, C. J., dissenting.*

No. 4434.   OCTOBER 14, 1924.

Possessing dynamite, fuses, etc.   Before Judge Malcolm D. Jones.   Bibb superior court.   June 7, 1924.

Jack Lynch was indicted for the offense of having in his control and possession "dynamite, dynamite-caps, fuse, fuse material, all of which was designed and commonly used for the commission of burglary, larceny, safe-cracking, and other offenses of like kind, all with the intent to use and employ and allow to be used and employed in the commission of crime, and knowing the same to be intended to be so used." The defendant interposed a demurrer to the indictment, based on the contention that the act of the General Assembly creating the offense charged in the indictment (Ga. Laws 1910, p. 136) was void because in conflict with art. 1, sec. 1, par. 2 and 3 of the State constitution, which provide: "Protection to person and property is the paramount duty of government, and shall be impartial and complete," and "No person shall be deprived of life, liberty, or property, except by due process of law." Also, that it contravenes article 5 of the amendments of the Federal constitution, providing that no person shall "be deprived of life, liberty, or property, without due process of law," and the clause of the fourteenth amendment providing: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States, and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of

life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." The demurrer was overruled, and the exception was taken to that judgment. The case proceeded to trial, and the defendant was found guilty. He filed a motion for new trial upon the general grounds, and upon the ground that the court erred in charging the jury: "Now the defendant says he was in possession of these explosives. He says, however, there was no intention on his part to commit any crime, that he did not have them with that purpose; that he came in possession of them he admits, but he says he wished to use them in dynamiting fish, or some other matter referred to in his statement, blasting a bathing-pool or something like that. If he had the dynamite in his possession for this purpose, you can not convict him under this indictment, whether he stole the dynamite or not. It would not make any difference how he came in possession of it, unless he had it in his possession for the purpose of committing crime and that was his intention. Of course, you can consider the fact, if it be a fact, that he did steal the dynamite; you can consider that as one of the facts in the case like any other fact in the case in reaching your conclusions as to whether or not the State's contention has been made out."

*W. O. Cooper Jr.,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.