## 29684. STOVALL v. THE STATE.

MacIntyre, J. 1. The accusation charged that the defendant "did keep, maintain, and operate a lottery known as the 'number game' for the hazarding of money." The defendant was convicted, and she excepted. As the statute makes penal the keeping, maintaining, or carrying on of such device, it is sufficient to show the keeping and maintaining of such scheme without proving the actual drawing. Proof of any one would be sufficient for conviction. *Thomas* v. *State*, 118 *Ga.* 774 (45 S. E. 622).

2. The finding of the paraphernalia for operating the lottery in the home of the defendant created the presumption that she was the owner of the paraphernalia and the possessor thereof. This presumption was rebuttable. Though other persons were in the house with the defendant at the time of the officers' raid, the jury had the right to concluded from the evidence that the paraphernalia belonged to the defendant, and that the evidence was sufficient to show the keeping and maintaining of such a scheme. The court did not err in overruling the certiorari based on the general grounds. Code § 26-6502; *Thomas* v. *State*, supra; *Sims* v. *State*, 60 *Ga. App.* 32 (2 S. E. 2d, 716); *Morgan* v. *State*, 62 *Ga. App.* 493 (8 S. E. 2d, 694). This case is distinguishable from *Jones* v. *State*, 64 *Ga. App.* 308 (13 S. E. 2d, 91), in that there no presumption arose as to the possession, keeping, or maintaining the lottery paraphernalia, as in the instant case.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

DECIDED SEPTEMBER 21, 1942.

28

*James R. Venable, Frank A. Bowers,* for plaintiff in error.
*Bond Almand, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

Decided September 21, 1942.