## 30813. BIVINS *v.* THE STATE.

DECIDED APRIL 6, 1945.

*J. Wightman Bowden, John R. Strother,* for plaintiff in error.
*Lindley W. Camp,* solicitor, *E. E. Andrews,* solicitor-general, *Durwood T. Pye,* contra.

GARDNER, J. 1. With respect to a, b, c, d, and e of the general grounds: The officers entered the home of the defendant. They found him lying across the bed. In a chair nearby was a little red box containing lottery paraphernalia, including tickets, ribbons, books, etc. The officers questioned the defendant concerning the find. He said it was his. This lottery paraphernalia having been found in the defendant's home, the presumption arose that he was the owner of it, and that he was maintaining a lottery. *Stovall* v. *State,* 68 *Ga. App.* 27 (2) (21 S. E. 2d, 914). An actual drawing need not be shown in order to sustain a conviction for operating a lottery. *Thomas* v. *State,* 118 *Ga.* 774 (45 S. E. 622). The evidence sustains the verdict. *Mills* v. *State,* 71 *Ga. App.* 353 (30 S. E. 2d, 824).

Special grounds f and g: The court did not err in admitting certified proceedings showing that the defendant previously had been twice convicted of operating a lottery known as the number game for the hazarding of money. *Mills* v. *State,* supra. The previous convictions were not too remote. *Weeks* v. *State,* 66 *Ga. App.* 553 (18 S. E. 2d, 503). Evidence of the previous convictions having been admitted, it was proper for the court to instruct the jury to the effect that the only purpose of such evidence was to illustrate the intent and bent of the defendant's mind. Viewed in the light of the defendant's statement that the paraphernalia was not his but belonged to someone else, these special assignments of error are without merit.

Special ground h: The evidence here as to the statute of limitations is similar to the evidence in *Mills* v. *State,* supra. In view of the whole evidence, this special ground is without merit. See also *Davis* v. *State,* 70 *Ga. App.* 513 (28 S. E. 2d, 784).

Special ground i: This ground alleges that the State's attorney in his argument made the statement: "William Bivins is guilty as charged." The counsel for the defendant then moved for a mistrial. The solicitor stated: "I will take it all back;" whereupon counsel for the defendant insisted on his motion. The court then stated to the jury in effect that the solicitor had no legal right to express his personal opinion concerning the guilt of the defendant and that such was improper; that he could draw such deductions from the evidence as he thought proper. Then the court inquired of the solicitor just what he did say, whereupon the solicitor re-

marked: "I don't know. I think I said if what I said was true he would be guilty as charged." Thereupon the court remarked: "There wouldn't be anything wrong with that." The motion was overruled, and we think properly so. The Supreme Court in *Floyd* v. *State*, 143 *Ga.* 286, 289 (84 S. E. 971), stated: "In a prosecution for a homicide a statement by the prosecuting attorney in his argument, expressive of his opinion of the defendant's guilt, and his characterization of the crime as being diabolical, should be construed to mean that the testimony led him to this conclusion. In the absence of anything to the contrary, the solicitor's remarks will be regarded as a deduction from the evidence."

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*