31635. BUCHANAN *v.* THE STATE.

DECIDED JULY 16, 1947.

*Frank A. Bowers, James R. Venable,* for plaintiff in error.

*John I. Kelley, Solicitor, Paul Webb, Solicitor-General, J. W. LeCraw,* contra.

GARDNER, J. The defendant was convicted of the offense of lottery, generally known as the "numbers game," in the Criminal Court of Fulton County, before Judge John S. McClelland, without a jury. He applied for and obtained a writ of certiorari. The superior court dismissed the certiorari and affirmed the judgment of the lower court, and on this judgment the defendant assigns error.

The brief of the evidence contains a stipulation between counsel for the parties. This stipulation shows (a) the details of the manner and method of the operation of the lottery in Fulton County, Georgia. Among other details in the stipulation it is shown that each player attempts to guess the three digit numbers contained in the daily report of the bond sales on the New York Stock Exchange, the winning number being the thousands, tens of thousands, and the hundreds of thousands of the bond sales. The guesses of the lottery players are recorded on the tickets in the lottery books which are carried by the writers. The tickets are written in triplicate. (b) Officer Dinsmore testified that he had been on the police force for a little over 12 years, and had been assigned to the force working on lottery cases for about 10 years; that he and another officer on the date of the charge against the defendant drove to the front of the residence of the defendant. They saw the defendant sitting at the front window of a bedroom. As the officers left the car the defendant "jumped up" and ran toward the rear of his house. Observing this conduct on the part of the defendant, the officers rushed to the house and jerked the door of the screen porch open. There was a large tub of water on the porch. The defendant was turning away from this tub. The officers found a book of lottery tickets in this tub. At about the time the officers reached the tub the lottery book bobbed to the top. The officers found in the room at a table where the defendant had been sitting when they first observed him, memoranda and money on the table. One of the officers testified that he talked to the defendant. The defendant said "he had been doing business about six months, if I recall correctly." Later the officer testified positively that these paraphernalia were found at the residence of the defendant and that the porch where the lottery book was found in the tub of water was not used by other people jointly.

The defendant introduced no evidence. He made a statement denying his participation in the lottery game and further stated that previously he had been engaged in it but had pleaded guilty and that he was not guilty of this last offense. He further stated that he did not know what he said to the officers because they frightened him so much when they tore open the screen door; that he did not know whether they were robbers or what.

When we consider the evidence as a whole, it excludes every reasonable hypothesis save that of the guilt of the accused. *Mills* v. *State,* 71 *Ga. App.* 353, 355 (1) (30 S. E. 2d, 824), and citations, including *Stovall* v. *State,* 68 *Ga. App.* 27 (2) (21 S. E. 2d, 914); *Williams* v. *State,* 71 *Ga. App.* 155 (30 S. E. 2d, 356); *Dickerson* v. *State,* 68 *Ga. App.* 157 (22 S. E. 2d, 207). In this connection, we might state that counsel for the defendant cite *Bailey* v. *State,* 60 *Ga. App.* 556 (4 S. E. 2d, 409); *Ball* v. *State,* 72 *Ga. App.* 45 (32 S. E. 2d, 912); *Hendricks* v. *State,* 73 *Ga. App.* 481, 482 (37 S. E. 2d, 169). The facts in the three cases last cited on which the defendant relies differentiate them from the instant case, for it did not appear in either of these cases that the defendant was the head of the house and the evidence authorized the inference that he was in possession of the lottery paraphernalia found therein. This was a rebuttable presumption, but there is no evidence in the record to rebut it.

(c) As to the special grounds, while the witness Dinsmore was on the stand, and while explaining to the jury the method and operation of the lottery, the witness stated that a certain ticket in the lottery book which he retrieved from the tub of water, showed that a player had been attempting to guess the winning number. This objection is not meritorious for two reasons: (1) The agreed stipulation showed that that was what the players of the lottery were trying to do—guess the winning number for the day's lottery. (2) This court dealt fully with this question in *Mills* v. *State,* supra, headnote 3, stating that where, as here, the witness was qualified, such testimony was admissible.

(d) The other special ground is to the admission of the lottery book which the officers procured from the tub on the defendant's back porch, in evidence. Since the evidence was sufficient to authorize the court to find that the defendant was the one who put the lottery book into the tub of water, it was not error to admit the book in evidence. The court did not err in overruling and dismissing the writ of certiorari for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*