33946.   ARNOLD *v.* THE STATE.

Decided February 26, 1952.

368

*Jas. W. Arnold,* for plaintiff in error.

*D. M. Pollock, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts). ■ In the first special ground of the amended motion for a new trial, objection is made to the introduction of the package of tickets introduced as lottery tickets, on the ground that mere possession of tickets is not proof of carrying on a lottery, that there was no evidence connecting the defendant with carrying on the lottery, that there was no proof that the tickets had ever been sold or otherwise handled by the defendant, and no proof that the tickets in question had ever been used in the operation of a lottery. Tickets properly identified as lottery tickets, and found in the possession of the defendant, are properly introduced in evidence as a circumstance for the consideration of the jury. *Mills* v. *State,* 71 *Ga. App.* 353 (3) (30 S. E. 2d, 824); *Simmons* v. *State,* 72 *Ga. App.* 16 (5) (32 S. E. 2d, 842). This contention is without merit.

■ Complaint is made of the following excerpt from the charge: "A lottery consists of a consideration, drawing and chance. An actual drawing in a case like this need not·be shown in order to sustain a conviction, but you must believe that such a scheme was being carried on"—on the ground that there is no direct evidence to connect the defendant with any lottery being carried on in said county. This objection should be taken in connection with the objection in the third special ground as follows: "If you believe that the paraphernalia for operating the numbers game was found in the automobile which was in the possession and under the control of the defendant at the time, this would create a presumption that the defendant was the owner of the . paraphernalia and possessor thereof; however, this presumption is rebuttable." It was held in *Derricott* v. *State,* 75 *Ga. App.* 703 (44 S. E. 2d, 303), that, where a sack of lottery tickets was

found in an automobile operated by the defendant, concealed in the hood of the car, this was sufficient to authorize conviction, the defendant merely stating that he did not know the tickets were there. Accordingly, the charge that finding lottery tickets under the pad on which the driver was sitting raised a rebuttable presumption that the defendant was the owner thereof, was a correct statement of the law, and it was not error to charge further, without request, that, "If the defendant had no knowledge of the tickets being in the car he could not be convicted," the court having charged that a conviction on circumstantial evidence must exclude every reasonable hypothesis save that of the guilt of the accused, and having further charged on the jury's right to believe the defendant's statement in preference to the sworn testimony in the case. It follows, therefore, that there existed, under the State's testimony, a rebuttable presumption that the defendant was the owner of the lottery tickets on which he was sitting. Since it was also proved that there was a lottery in operation in Clarke County on the date of the defendant's arrest, provided the jury chose to believe the State's witnesses, there was evidence justifying the charge that, before a conviction would be authorized, the jury must believe that a lottery was being carried on, and the objection that there was no evidence to connect the defendant with any lottery in operation at that time is without merit.

■ Since every element of the crime was supported by proof, as discussed in the previous divisions of this opinion, and since the presumption of ownership arising from the circumstances of the case was not rebutted, the verdict is not contrary to the law and the evidence. See *Mills* v. *State,* supra; *Derricott* v. *State,* supra; *Buchanan* v. *State,* 75 *Ga. App.* 477 (43 S. E. 2d, 584); *Stovall* v. *State,* 68 *Ga. App.* 27 (2) (21 S. E. 2d, 914). *Hayes* v. *State,* 28 *Ga. App.* 67 (110 S. E. 320), cited by counsel for the plaintiff in error, is not applicable to this case, it holding merely that the finding of a pistol under a buggy seat is not a violation of the law of "carrying" a pistol, since for that offense it is necessary to have the weapon in one's manual possession.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*