## 24632. HOGAN v. ATKINS.

ARGUED MAY 14, 1968—DECIDED MAY 23, 1968.

*John H. Ruffin, Jr.,* for appellant.
*George Hains, Solicitor General, E. Freeman Leverett,* for appellee.

ALMAND, Presiding Justice. The main question presented in this habeas corpus case is whether *Code* § 26-2701, under which the appellant was convicted, is unconstitutional for vagueness as violative of the due process of law clause of the Fourteenth Amendment to the United States Constitution.

*Code* § 26-2701 provides: "It shall be unlawful for any person to make or mend, or cause to be made or mended, or to have in his possession in the day or nighttime, any engine, machine, jimmy, tool, false key, pick-lock, bit, nippers, nitroglycerin, dynamite cap, dynamite, or other explosive, fuse, steel wedges, drills, tap-pins, or other implements or things adapted, designed, or commonly used for the commission of burglary, larceny, safe-cracking, or other crime, with the intent to use or employ or allow the same to be used or employed in the commission of a crime, or knowing that the same are intended to be so used. Any person guilty of a violation of this section shall be deemed guilty of a felony, and shall, upon conviction thereof, be pun-

ished by imprisonment in the penitentiary for a term of not less than three years nor more than 10 years."

Appellant contends that *Code* § 26-2701 makes possession alone the exclusive source of one's guilt and does not avail an opportunity to explain possession. With these contentions, we cannot agree. Very clearly, *Code* § 26-2701 requires two elements for conviction, viz.: (1) possession of the tools and implements and (2) intent to use these tools and implements in the commission of a crime or knowing that the same are intended to be so used. With proof of both of these elements being essential to a conviction, the appellant's contentions are without merit.

"A criminal statute must be sufficiently definite to give notice of the required conduct to one who would avoid its penalties, and to guide the judge in its application and the lawyer in defending one charged with its violation. But few words possess the precision of mathematical symbols, most statutes must deal with untold and unforeseen variation in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out prohibitions. Consequently, no more than a reasonable degree of certainty can be demanded." Boyce Motor Lines v. United States, 342 U. S. 337, 340 (72 SC 329, 96 LE 367).

"Statutory language in defining a criminal offense which conveys a definite meaning as to proscribed conduct when measured by common understanding and practice satisfies due process requirements." *Jones v. State,* 219 Ga. 848, 850 (136 SE2d 358). See also United States v. Petrillo, 332 U. S. 1 (67 SC 1538, 91 LE 1877) and *Wilson v. State,* 223 Ga. 531, 533 (156 SE2d 446). The language of *Code* § 26-2701 conveys sufficiently definite warning as to the conduct forbidden, measured by common understanding and practice. Thus, the statute here in question establishes a reasonably certain standard of conduct and is not unconstitutional for vagueness. See *Lynch v. State,* 159 Ga. 76 (125 SE 70) and Shafer v. State, 214 Tenn. 416 (381 SW2d 254), cert. denied, 379 U. S. 979.

In the absence of a transcript of the evidence from the appellant's trial, it cannot be held that the statute in question is void for vagueness as applied to the evidence.

Furthermore, the fact that the appellee failed to file any defensive pleadings or to adduce any evidence at the habeas corpus hearing is no ground for complaint since the question involved here is one of law, and the burden of establishing his ground of attack is upon the petitioner-appellant.

*Judgment affirmed. All the Justices concur.*