## 24744. WATTS v. THE STATE.

SUBMITTED JULY 9, 1968—DECIDED SEPTEMBER 24, 1968.

*Walter M. Henritze, Jr.,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Roger Thompson, J. Walter LeCraw,* for appellee.

ALMAND, Presiding Justice. Alice Watts, the defendant, and Ruth Swinger were indicted for the offense of shoplifting. On Alice Watts' separate trial the evidence, in substance, was as follows: On March 23, 1967, the defendant and Ruth Swinger entered Rich's department store in Atlanta, Georgia, and attracted the attention of one of the store's employees. This employee, a member of the store's security department, followed the defendant and observed her actions. The defendant and Ruth Swinger went to the fourth floor of the store where Ruth Swinger rolled up a hanger and dress and placed them between her legs while the defendant stood in front of her holding up a dress shielding her activities from the view of others. From the fourth floor, the defendant and Ruth Swinger proceeded to the fifth floor where Ruth Swinger removed a dress from its hanger, rolled it and concealed it beneath her clothing between her legs with the defendant again acting as a lookout and shielding Ruth Swinger's actions. The defendant, along with Ruth Swinger, then moved to another department on the fifth floor where the defendant rolled three dresses and placed them beneath her clothing, but almost immediately she went to the nearest rack in another department and replaced the dresses on the rack. After this the defendant and Ruth Swinger proceeded down to the fourth floor and into the furniture department where Ruth Swinger dropped the dresses from between her legs and kicked them under a table. At this point the store employee

and two of her fellow employees whom she had summoned arrested the defendant and Ruth Swinger. The defendant gave her name as "Thelma Jean Pasley" until she was identified. The jury returned a verdict of guilty which was made the judgment of the court. The defendant's motion for new trial was overruled.

The defendant appeals and enumerates error on the trial court's (a) refusing to declare the statute defining shoplifting (Ga. L. 1957, p. 115; *Code Ann.* § 26-2640) unconstitutional for vagueness, (b) overruling her motion for new trial and (c) failing to give a charge to the jury on intent.

■ The statute defining shoplifting (Ga. L. 1957, p. 115; *Code Ann.* § 26-2640) provides: "In any mercantile establishment in which goods, wares or merchandise are displayed for sale in such manner as to be readily accessible to persons shopping therein, it shall be unlawful for any person to remove any such goods, wares or merchandise from the immediate place of display with intent to appropriate the same to the use of the person so taking or to deprive the owner of possession thereof; or to conceal any of such goods, wares or merchandise with like intent; or to alter any label or marking upon any such goods, wares or merchandise with intent to deprive the owner of the value or any part thereof; or to transfer any goods, wares or merchandise from a container in which the same shall be displayed to any other container with intent to deprive the owner of the value or any part thereof; and any person committing any of the acts herein set forth shall be deemed guilty of shoplifting."

The defendant contends that the above cited statute is too vague and indefinite to be enforceable and offends the equal protection and due process clauses of the Fourteenth Amendment to the Federal Constitution and Art. I, Sec. I, Par. III of the Georgia Constitution (*Code Ann.* § 2-103). With this contention we cannot agree.

"The Constitution does not require impossible standards of statutory clarity, and does not require more than that the language convey sufficiently definite warning as to the proscribed conduct when measured by common understanding and prac-

tices. If a statute is so designed that persons of ordinary intelligence who would be law abiding can tell what conduct must be to conform to its requirements and it is susceptible of uniform interpretation and application by those charged with the responsibility of enforcing it, it is invulnerable to an attack for vagueness." 16 AmJur2d 952, Constitutional Law, § 552. See Roth v. U. S., 354 U. S. 476 (77 SC 1304, 1 LE2d 1498); U. S. v. Petrillo, 332 U. S. 1 (67 SC 1538, 91 LE 1877) and *Hogan v. Atkins*, 224 Ga. 358 (162 SE2d 395).

The statute under consideration conveys a definite warning as to the conduct forbidden, measured by common understanding and practices. It defines with sufficient certainty the acts which are proscribed and informs a person of ordinary intelligence with reasonable precision what acts it is intended to prohibit so that he may know what acts he should avoid. See 90 ALR2d 804. The statute in question lists with ample specificity certain acts such as (1) removing from the immediate place of display, (2) concealing, (3) altering any label or marking on, and (4) transferring from one display container to any other container, any goods, wares or merchandise which are readily accessible to persons shopping in a mercantile establishment, which constitute shoplifting if these acts are done with intent (1) to appropriate to the use of the person so taking, (2) to deprive the owner of possession of, or (3) to deprive the owner of the value of or any part of such goods, wares or merchandise. Indeed, this statute clearly spells out what acts constitute shoplifting and is amply definite and certain.

■ The defendant's motion for new trial was on the general grounds. Defendant contends that the evidence points to the conclusion that she had no intent of depriving the owner of possession of the dresses. We have thoroughly examined the evidence presented in the instant case and find it is sufficient to authorize the defendant's conviction for the offense of shoplifting.

■ The defendant contends that the trial court erred in failing to charge the jury on the intent necessary to violate the statute under which the defendant was convicted. However, the trial judge did charge on intent in that he read the indict-

ment to the jury which included the element of "intent to appropriate said property" and instructed the jury that the burden was upon the State to prove the defendant's guilt as charged beyond a reasonable doubt. Further, the trial judge defined shoplifting including the element of intent which the statute (Ga. L. 1957, p. 115; *Code Ann.* § 26-2640) expressly requires for conviction of shoplifting. These instructions adequately covered the intent necessary to violate the shoplifting statute, and the trial court did not fail to charge the jury on the subject.

*Judgment affirmed. All the Justices concur.*