28831. DeFREESE v. THE STATE.

SUBMITTED APRIL 19, 1974 — DECIDED SEPTEMBER 17, 1974.

*Charles E. Moore, Moore & Morris,* for appellant.
*Edward E. McGarity, District Attorney,* for appellee.

GRICE, Chief Justice.

Dr. Samuel J. DeFreese was convicted in the Superior Court of Henry County for failing to maintain and keep complete and accurate records of the kind and quantity of drugs received, sold, delivered and disposed of, as required by the 1967 Georgia Drug Abuse Control Act (Code Ann. Ch. 79A-9; Ga. L. 1967, pp. 296-355). He was sentenced to a term of imprisonment of two years. He appeals from his conviction and sentence and the denial of his motion for new trial.

■ It is contended in enumerated error 3 that the court erred in denying the appellant's motion to suppress incriminating admissions made by him, alleged to have been obtained in violation of his constitutional rights as announced by the Supreme Court of the United States in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974).

In the hearing on this motion, Mr. Weldy, Chief Drug Inspector, testified that he read to the appellant his constitutional rights as set out in the Miranda case. The appellant introduced no evidence to show that the incriminating admissions made by him were not voluntary.

It was not error for the trial judge to deny the motion to suppress incriminating admissions.

■ It is asserted in enumerated error 18 that the court erred in denying the appellant's motion to suppress physical evidence obtained from his office pursuant to a search warrant.

At the hearing on this motion, the evidence showed that the investigating officers had a search warrant, but that the warrant was not executed because the appellant gave them permission to search his office without a warrant, after a consultation over the telephone with his counsel.

There is no merit in the contention of the appellant that the evidence should have been suppressed because of alleged illegality in the issuance and execution of the search warrant.

■ Error is alleged in enumerated error 5 on the overruling of the appellant's demurrer to the indictment and motion to quash.

It was asserted that Code Ann. § 79A-907 (e) (1, 2) (Ga. L. 1967, pp. 296, 349) and Code Ann. § 79A-904 (e) (Ga. L. 1967, pp. 296, 346) violate the due process clauses of the State and Federal Constitutions in that they are too vague and indefinite to inform the appellant as to what conduct will render him criminally liable; and they do not state what type of records are required, or where they shall be maintained.

Code Ann. § 79A-907 (e) (1) requires that every person disposing of any depressant or stimulant drug "shall prepare or obtain, and keep for not less than three years, a complete and accurate record of the kind and quantity of each such drug received, sold, delivered, or otherwise disposed of, the name and address from whom it was received and to whom it was sold, delivered, or otherwise disposed of, and the date of such transaction."

Code Ann. § 79A-904 (e) lists as a prohibited act: "The failure to prepare or obtain, or the failure to keep, a complete and accurate record with respect to any drug as required by section 79A-907 (e)."

The information to be contained in the record required by Code Ann. § 79A-907 (e) is plainly specified. A person dispensing such drugs would have no difficulty

in knowing what records are required. No particular form of record is required; this is left to the discretion of the individual keeping the record.

The provisions of the sections under attack are not too vague and indefinite to be enforceable. Compare *Farrar v. State,* 187 Ga. 401 (200 SE 803); *Hogan v. Atkins,* 224 Ga. 358 (162 SE2d 395); *Watts v. State,* 224 Ga. 596 (163 SE2d 695).

It was further contended in the demurrer and motion to quash that Code Ann. § 79A-907 (e) (2) contains an unconstitutional delegation of authority to investigating officers enforcing the maintenance of the records required, in that an officer or employee designated by the State Board of Pharmacy is permitted "at reasonable times" to have access to and copy such records; and for the purpose of verification of the records and the enforcement of the statute such officer is authorized to enter specified places "at reasonable times," and to inspect and inventory drugs "within reasonable limits and in a reasonable manner."

It is asserted that the statute provides no ascertainable standards to guide investigating officers at the time of their entry, or at the time of their examination of the records, to determine whether there has been a violation of the law.

It would be impossible to formulate a precise rule for the conduct of investigating officers which would be appropriate to all persons and places of business subject to the provisions of the statute. These officers must be presumed to be intelligent persons, fairly performing their duties. The requirement that they perform their duties at "reasonable" times, within "reasonable" limits, and in a "reasonable" manner, sets a standard of conduct sufficiently definite to guide them in the performance of their duties.

The trial judge did not err in overruling the demurrer to the indictment and motion to quash.

■ The appellant alleges in enumerated error 4 that it was error for the trial judge to overrule his demurrer to the indictment on the grounds that it was too vague, and it did not state what Code Sections were being violated.

The indictment was sufficient to charge a crime under the Georgia Drug Abuse Control law. It is not necessary that an indictment state the statute on which it is based. *Lee v. State,* 184 Ga. 327 (2) (191 SE 256).

■ The appellant asserts in enumerated error 6 that the court erred in allowing the witness Weldy, Chief Drug Inspector, to testify that the appellant distributed drugs over the objection that this was a conclusion of the witness.

This witness was allowed to explain the basis for his assumption, and no error was committed in overruling the objection made.

■ Enumerated error 7 asserts that the court erred in overruling the appellant's motion for mistrial because of the testimony of the witness Weldy, "There's no telling how many more drugs we're talking about —"

When this witness was allowed to complete his statement, he explained that he meant that he did not know how many dosage units were represented by checks for $1,875.75, which the appellant stated he had paid for drugs, for which there were no invoices.

There was no error in overruling the motion for mistrial.

■ Enumerated errors 8 and 9 complain that William F. Taylor, a witness for the appellant, was not permitted to answer certain questions by counsel for the appellant in regard to his investigation of a burglary in the appellant's office a few days before the drug investigation.

The objections sustained pertained to the form of the questions. The witness Taylor was permitted to testify fully in regard to his investigation of the burglary in the appellant's office. There is no merit in these enumerated errors.

■ Enumerated errors 10 and 11 complain that objections were sustained to two questions by counsel for the appellant to the witness Taylor. These questions sought to elicit self-serving declarations of the appellant in regard to the burglary. These declarations were inadmissible. *Dennis v. State,* 216 Ga. 206 (5) (115 SE2d 527).

■ Enumerated error 12 asserts that the court erred

in failing to grant a mistrial because the trial judge intimated or expressed an opinion in the presence of the jury as to the veracity of the appellant's witness, William F. Taylor.

This witness on cross examination stated that he did not take an inventory of the drugs on hand at the appellant's office after the burglary. On redirect examination he stated that he did make an inventory. The court then questioned the witness and asked him if he made an inventory. The witness stated that in order to answer that he would have to base it on what the appellant told him. The trial judge thereupon made the statement on which the motion for mistrial was based, as follows: "The law won't let you repeat what somebody told you, now. The only thing that the court wants is I want to be sure you understand your testimony and that you testified what the truth is, and I am sure you will. Did you make an inventory? Did you check the quantity of drugs on hand that day?"

A trial judge should neither compliment nor disparage a witness in the presence of the jury. *Pound v. State,* 43 Ga. 88; *Jefferson v. State,* 80 Ga. 16 (5 SE 293); *Alexander v. State,* 114 Ga. 266 (40 SE 231); *Thompson v. State,* 203 Ga. 416, 420 (47 SE2d 54).

The statement made by the trial judge both questioned the testimony of the witness and assured him that the judge believed he would tell the truth. The jury already knew that the witness had made contradictory statements. The judge did not intimate an opinion as to what had or had not been proved, as prohibited by Code § 81-1104.

We conclude that the remarks complained of did not cause the jury to disbelieve the appellant's witness, and that the court did not err in failing to grant a mistrial.

■ Enumerated error 13 complains of the exclusion of certain testimony of the appellant on the ground that it was hearsay. This testimony related a statement the appellant's daughter made to him. It did not fall within any exception to the hearsay rule, and it was not error to exclude the testimony.

■ Enumerated error 14 contends that the court erred in refusing to admit in evidence appellant's Ex-

hibit 6.

The transcript (p. 149) shows that Exhibit 6 was admitted in evidence, and it appears in the transcript.

Counsel for the appellant argue in their brief that appellant's Exhibit 7 should have been admitted. The transcript (p. 187) states that no Exhibit 7 was offered.

There is no merit in this enumerated error.

■ Enumerated error 15 asserts that the court erred in a portion of the charge to the jury which stated the facts they must find to authorize them to find the appellant guilty.

It is argued that this charge allowed the jury to convict the appellant if they found that he failed to keep complete and accurate records, and failed to point out the requirement that there must be a concurrence of act and intent.

In another part of the charge the judge instructed the jury that there must be a union of act, or omission to act, and intention, to constitute a crime, and that a person will not be presumed to act with criminal intention.

There is no merit in the attack on this portion of the charge.

■ The second error enumerated is the failure to direct a verdict of acquittal on the ground that the evidence was insufficient to support a conviction.

The evidence authorized the conviction and there is no merit in this contention.

■ Enumerated error 16 contends that the trial judge erred in intimating and expressing an opinion in the presence of the jury as to the motive of defense counsel.

While the jury was deliberating on the question of the sentence to be imposed, they returned to the jury box and inquired of the trial judge if it was a definite fact that the appellant would lose his license to practice medicine. The judge told them: "That is something that the court does not know about and cannot answer as a matter of fact."

Counsel for the appellant asked if he could make a statement, and the judge replied: "No, just a moment. The evidence is closed in the case, now. If you want to

hold the thing over until tomorrow and open it all over again—" Counsel stated: "Yes, I'm willing to do that, because I do know he'd lose his license permanently."

The court then made the statement complained of, as follows: "That statement was obviously made, Mr. Muskett, for the purpose of telling the jury something that the court has just told them that I couldn't tell them. And further, you're telling the court to [sic] much to know. And that statement was altogether out of order."

It is argued by the appellant that the rebuke to defense counsel accused him of dishonesty, and was thus prejudicial to the appellant, citing *James v. State,* 223 Ga. 677 (9) (157 SE2d 471).

The judge did not intimate that defense counsel was dishonest. He reprimanded counsel for deliberately furnishing information to the jury which the judge had told them he could not give. The trial judge had a right to rebuke counsel for this misconduct.

Furthermore, counsel made no objection to the judge's statement, or motion for mistrial, and the remark can not be the basis for review. *Rider v. State,* 196 Ga. 767, 781 (27 SE2d 667); *Williamson v. State,* 217 Ga. 162 (1) (121 SE2d 782); *Gravitt v. State,* 220 Ga. 781, 785 (141 SE2d 893).

■ Enumerated error 17 asserts that the court erred in allowing the state to reopen the evidence, after all evidence was closed and summations had been made by both the state and the appellant.

This enumerated error refers to the reopening of presentence hearing after the occurrence related in the preceding division.

Counsel for the appellant had stated that he was willing for the hearing to be reopened. He interposed no objection to the admission in evidence of the certified copy of an additional prior conviction of the appellant. Defense counsel were allowed to make further arguments prior to the jury's return for further deliberation on the sentence.

There was no abuse of discretion in reopening the presentencing hearing. See *Miller v. State,* 226 Ga. 730 (3) (177 SE2d 253).

■ The first enumerated error contends that the

court erred in denying the appellant's motion for new trial. The grounds of the motion were enumerated as error, and have been dealt with in the previous divisions of this opinion.

*Judgment affirmed. All the Justices concur.*