## 49316. GODWIN v. THE STATE.

QUILLIAN, Judge.

Upon a certificate of immediate review appeal was taken from the order of the trial judge denying the defendant's motion to suppress evidence and to authorize the inspection of evidence. *Held:*

The basic evidence herein involved may be summarized as follows. It was reported to a K Mart security officer that the defendant was engaged in suspicious conduct. She was then placed under surveillance (for a period of over two hours) from concealed locations in the store. She was observed by two security officers to be carrying a plastic enclosed package containing a lipstick tube which subsequently she placed in her pocketbook, later she used lipstick and placed it back in her pocketbook. She then went through the check-out line. One of the security officers verified that she had not paid for any lipstick at that time. The other security officer (who was also a deputy sheriff) stopped her outside the store and escorted her to the security office within the store. She was given no Miranda warnings but was asked to remove the lipstick case and the opened plastic container in which the lipstick was displayed. On request, the defendant took each of these items from her purse.

1. In *Hutto v. State,* 116 Ga. App. 140, 144 (6) (156 SE2d 498), it was contended that the trial court erred in admitting evidence obtained during the execution of a search warrant without the officers first having informed the defendant of his right to have an attorney present and of his right to remain silent. We held that Escobedo v. Illinois, 378 U. S. 478 (84 SC 1758, 12 LE2d 977) and Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974), were inapplicable where an

examination of the entire transcript "discloses no interrogation of the defendant, no confession, and no incriminatory statement." In the present posture of this case there has been no showing as to any incriminatory statements and the only matter with which we are concerned is whether certain physical evidence should be suppressed.

The defendant had been under observation for some time prior to being taken into custody and the proof adduced showed that there were grounds for an arrest without a warrant under Code § 27-207. See Code Ann. § 26-1802 (b) (Ga. L. 1968, pp. 1249, 1290); *Watts v. State*, 224 Ga. 596, 598 (163 SE2d 695); *Wade v. State*, 129 Ga. App. 571 (200 SE2d 370). That being true, a search pursuant to such lawful arrest was proper. Code Ann. § 27-301 (c) (Ga. L. 1966, p. 567) (which permits a reasonable search of the person arrested for the purpose of: "discovering or seizing the fruits of the crime for which the person has been arrested.")

Thus, here the defendant's pocketbook could have been searched pursuant to the arrest and even if she involuntarily gave up the items requested, to wit, a lipstick case and a plastic container, this case does not fall within the category of those types involving the necessity of a non-coerced consent. Under the circumstances of this case any failure to give warnings to the defendant, if error, was harmless.

2. The other principal contention made by the defendant concerns the failure of the trial court to authorize defendant's attorney to examine statements prepared by the arresting officers so as to determine whether or not there was favorable evidence which might be used by the defendant in the case.

"There is no statute or rule of procedure of force in this State which requires a solicitor general or other prosecuting officer to make his evidence, documentary or otherwise, available to the accused or his counsel before trial." *Bryan v. State*, 224 Ga. 389, 391 (162 SE2d 349). See *Henderson v. State*, 227 Ga. 68, 77 (2) (179 SE2d 76). "In addition, the Supreme Court of the United States has held that pretrial discovery of defendants is not required by considerations of due process [cits.], in the absence of

a showing that the evidence denied disclosure of by the prosecution upon request was materially favorable to the accused either as direct or impeaching evidence. [Cits.]" *Quaid v. State,* 132 Ga. App. 478, 489 (8) (208 SE2d 336). See *Whitlock v. State,* 230 Ga. 700, 703 (3) (198 SE2d 865). "The appellant has the burden of showing how his case has been materially prejudiced, even when the trial court declines to make an in camera inspection." *Hicks v. State,* 232 Ga. 393, 396 (207 SE2d 30).

In the case sub judice there was nothing to reveal material prejudice to the defendant. The trial judge did not err in overruling the defendant's motion.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED MAY 6, 1974 — DECIDED OCTOBER 29, 1974 — REHEARING DENIED NOVEMBER 25, 1974 — 

*Dunaway & Perry, Marson G. Dunaway, Jr.,* for appellant.

*F. Larry Salmon, District Attorney,* for appellee.