## 51142. HARP v. THE STATE.

STOLZ, Judge.

On the basis of a lengthy affidavit detailing electronic surveillance of telephone conversations, certain FBI officers obtained a search warrant for the defendant's premises. They found in a bag tied at the neck and hanging from a hook in the coat closet, a ratchet

wrench, pair of pliers, bolts, and a jack, the only use for which, according to the testimony, was to disengage the coin box of a pay telephone. The defendant testified that he was unaware that the bag and its contents were on the premises. His wife testified that, approximately ten years previously, a man had stayed with the family for two or three months and, on leaving, had asked her to store a box containing the bag and some work clothes; that she had recently found the box in the attic, given the clothes away and hung the bag in the closet with the intention of asking her husband what they were, but that she had failed to do so.

Harp was convicted of possession of buglary tools and he appeals.

1. A motion to supress was filed on the grounds that (a) the seizure, resulting from a search warrant by federal officers seeking evidence of a federal crime, was unreasonable; (b) the warrant and affidavit fail to show probable cause, and (c) the defendant contends that the affidavit was not made by the person named in the warrant. Examination of the warrant and affidavit shows that (c) is incorrect. The second objection is not well taken; the attached affidavit running over 50 pages shows probable cause for issuance of a search warrant for evidence concerning violation of federal gaming statutes. The form of the affidavit much resembles that used in *Dudley v. State,* 228 Ga. 551 (4) (186 SE2d 875), a state prosecution for credit card theft where the card was discovered by FBI agents under a warrant also relating to gambling activities. The warrant was there held adequate and the state crime evidence was turned over to the district attorney's office. The remaining objection appears to be grounded on the proposition that the officers had no right to remove evidence of the violation of a state crime with which they were not concerned. This, however, is not the law. That such transfers are frequently made, see also *Stanley v. State,* 224 Ga. 259 (161 SE2d 309); *Cash v. State,* 222 Ga. 55 (148 SE2d 420). The officers had a right to search the bag while looking for gambling equipment; when he found the jack, the only purpose for which was illegal, seizure of the jack was justified under the "plain view" doctrine. The case differs from Coolidge

v. New Hampshire, 403 U. S. 443, 466 (91 SC 2022, 29 LE2d 564), and similar cases where there is a search without a warrant, but it is there succinctly summarized: "What the 'plain view' cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused. The doctrine serves to supplement the prior justification — whether it be a warrant for another object, hot pursuit, search incident to lawful arrest, or some other legitimate reason for being present unconnected with the search directed against the accused — and permits the warrantless seizure. Of course, the extension of the original justification is legitimate only where it is immediately apparent to the police that they have evidence before them; the 'plain view' doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at last emerges."

In this case the right to search was by virtue of a warrant for gambling equipment, and the bag hanging in the living room closet was a proper subject for investigation. The article recovered, a telephone jack, has one purpose only: to pry open the money compartment of a certain type of pay telephone, and, therefore, certainly a burglary tool when possessed with the intention of using it for the only purpose for which it was designed to be used. The motion to suppress this evidence was properly denied.

2. Equally, the general grounds of the motion for new trial are without merit. It is true that the only witnesses to testify on the subject, the defendant and his wife, offered an explanation which would have absolved the defendant. It being established that the jack was concealed in his home, the prima facie presumption obtained that he possessed it. *Elrod v. State,* 128 Ga. App. 250 (196 SE2d 360); *Arnold v. State,* 85 Ga. App. 366 (2b) (69 SE2d 615). And in weighing testimony, the jury may consider the credibility of the witness as affected by his interest in the case (*State v. Smith,* 134 Ga. App. 602 (215 SE2d 345)) as well as its inherent probability. It was not forced to believe the testimony of the defendant's wife that she had just removed from the attic property left by a visitor some ten years previously, but failed to tell her

husband about it, although her expressed reason for setting it aside was to ask him for what it was used.

3. (a) There is no merit in the defendant's contention that the trial judge did not charge the jury on intent. The trial judge charged the jury, "A person commits possession of tools for the commission of crime when he has in his possession any tool commonly used in the commission of burglary, or theft or other crimes *with the intent to make use* thereof in the commission of a crime. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who though not in actual possession, knowingly has both the power and the intention and is given time to exercise dominium [sic] or control of a thing is then in constructive possession of it. Possession may be sole or joint. If one person alone has actual or constructive possession of the thing possession is sole. If two or more persons share actual or constructive possession of the thing, possession is joint." (T.56) (Emphasis supplied.) "A crime is a violation of a statute of this state in which there shall be a union of joint operation of act and intention. A person will not be presumed to act with criminal intention, but you may find such intention upon consideration of the words conduct, demeanor, motive and all other circumstances connected with the acts for which the defendant is prosecuted." (T.57).

(b) The trial judge did not commit reversible error in failing to give the defendant's request to charge No. 3. The requested charge stated, "I charge you that where persons other than the defendant have equal opportunity to commit an offense and there exists [sic] unexplained and suspicious circumstances, this alone is not sufficient to convict." The court charged the jury, "Finding contraband on the premises belonging to or occupied by the head of the house, is not sufficient to authorize a conviction if it affirmatively appears from the evidence that the defendant's occupancy was maintained by him jointly with others who had equal opportunity to commit the crime." (T.57) It is well settled that it is not reversible error to fail to give a requested charge where the legal principle contained therein is covered in the charge as given. *Ga. Power Co. v. Hendricks,* 130 Ga. App. 733 (5)

(204 SE2d 465); *McClendon v. State,* 231 Ga. 47 (4) (199 SE2d 904).

(c) The trial court correctly refused to give defendant's sixth request to charge. The same was argumentative and not adjusted to the evidence. " 'A request to charge should in itself be correct, and even perfect; otherwise the refusal to give it will not be cause for a new trial. . .' The written requests must be legal, apt, and precisely adjusted to some principle involved in the case. . ." *Lewis v. State,* 196 Ga. 755, 760 (27 SE2d 659) and cits.; *Seaboard Coast Line R. Co. v. Thomas,* 229 Ga. 301, 302 (190 SE2d 898) and cits.

4. The trial judge correctly denied the defendant's motion for new trial.

*Judgment affirmed. Bell, C. J., Pannell, P. J., Deen, P. J., Quillian, Webb and Marshall, JJ., concur. Evans and Clark, JJ., dissent.*

ARGUED SEPTEMBER 10, 1975 — DECIDED NOVEMBER 13, 1975 — REHEARING DENIED DECEMBER 4, 1975 —

*Nicholson, Fleming & Blanchard, B. H. Barton,* for appellant.

*Richard E. Allen, District Attorney,* for appellee.

EVANS, Judge, dissenting.

A search of defendant's premises was conducted by virtue of a warrant for gambling equipment. A bag and its contents (ratchet wrench, pair of pliers, bolts and a jack) were found in a coat closet. Defendant was indicted, tried and convicted of the offense of possession of tools for the commission of crime. The majority affirms.

I agree with Divisions 1 and 2 of the majority opinion, but I do not agree with Division 3 with reference to the sufficiency of the charge as to criminal intent in the possession of tools with intent to make use of them in the commission of a crime. I therefore dissent.

Code § 26-1602 makes it a crime to possess tools commonly used in the commission of buglary or theft with intent to make use of them in the commission of a crime, and the court so charged. The court immediately followed

this statement with definitions of actual possession, constructive possession, sole possession, joint possession, burglary, theft and crime ("a union of joint operation of act and intention") in that order, followed by the statement: "In order to establish the crime charged in this case, it must be proved beyond a reasonable doubt that the defendant had actual or constructive sole or joint possession of the alleged tools and had knowledge of their presence and characteristics." This is all the court said on the subject on intention. It is mentioned here, not because it was enumerated as error, which the appellant failed to do, but because it easily bears the meaning that the intention referred to was intention to possess the tools, not intention to commit a crime by their use. The defendant submitted a number of requests to charge to the effect that the state must prove two elements for conviction, to wit: possession, and intent to use the tools in the commission of a crime, and that both elements are essential to a conviction. This is a correct principle of law. *Hogan v. Atkins,* 224 Ga. 358, 359 (162 SE2d 395). It was not given in charge. This constituted reversible error.

The request enumerated as request number 3 and the first sentence of request number 6, both with reference to intent, were also pertinent and should have been given in the charge.

I am authorized to state that Judge Clark joins in this dissent.