## 53973. JACKSON v. THE STATE.

Deen, Presiding Judge.

1. " 'If the sentence of the court is within the limits prescribed by law for the offense charged, this court has no jurisdiction to review the sentence or the court's refusal to reduce it.' " *Anderson v. State,* 129 Ga. App. 1 (198 SE2d 329).

2. The remaining enumerations of error go only to

the general grounds of the motion for new trial. The evidence is uncontested that the victim was shot at close range by her husband, the bullet lodging in her spine and rendering her a paraplegic. She was approximately five months pregnant at the time, and delivery of the dead fetus was subsequently induced. The medical witness was unwilling to state whether the fetus was alive at the time of the shot or whether it was dead on the following day. The jury returned a verdict on the two-count indictment of guilty of aggravated battery on the mother, and not guilty of felony murder of the fetus.

The only defense urged was that of accident. The defendant testified that he had gotten the pistol to give to a companion, that it was cocked and went off. The state's evidence indicated a heated quarrel had developed between the defendant and his wife and another girl whom he had struck just before producing the gun. The circumstances do not demand a finding that the shot was accidentally fired; accordingly the jury was authorized to disbelieve this explanation and find the defendant guilty of aggravated battery. "A person commits aggravated battery when he maliciously causes bodily harm to another by depriving him of a member of his body, or by rendering a member of his body useless. . ." The trior of fact may accept a portion of the testimony of a witness and reject another portion. *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345). And it may consider the credibility of the witness as affected by his interest in the case. *Harp v. State,* 136 Ga. App. 897 (222 SE2d 623). The state's case presented evidence that the defendant had struck another woman and was about to strike his wife when a third person said not to hit her because she was pregnant, and that he had then taken out a pistol and discharged it at her. He did not deny these facts but contended that the pistol was cocked and that it was discharged accidentally while he was holding it. This created a jury question as to the intent with which the defendant acted, and a guilty verdict was authorized.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED JUNE 6, 1977 — DECIDED JUNE 15, 1977.

*Beauchamp & Hedrick, William H. Hedrick,* for appellant.

*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.