A98A0518. KENNON v. THE STATE.
(502 SE2d 330)

Judge Harold R. Banke.

Eugene Kennon was convicted of theft by receiving stolen property, possession of tools for commission of crime, loitering, driving

under the influence, habitual violator, attempting to elude, and speeding. On appeal, Kennon contests only his convictions for theft, possession of tools, and driving under the influence.

The evidence, when viewed in a light most favorable to the verdict, showed that at about 11:00 p.m., Deputy Lyle Mathis observed a pick-up truck lurking behind a furniture warehouse that is not open to the public at any time. When Mathis turned his marked patrol cruiser around to investigate, Kennon moved his truck behind an adjacent business that was also closed. After Mathis turned on his "take-down" lights, a high-speed chase ensued. Despite colliding with a parked vehicle and a tree, Kennon proceeded and the chase did not conclude until Kennon struck another parked vehicle. Having observed noticeable signs of intoxication, the arresting officer requested a urine test to which Kennon refused to consent.

Inside the truck, police discovered a crowbar, sledgehammer, bolt cutters, wire cutters, ax, flashlight, and a pair of rubber gloves. Investigators determined that this pick-up truck had been stolen from a used car dealership less than 24 hours earlier. The manager of the dealership testified that Kennon had test driven the same truck a few days earlier. He testified that none of the tools found had been in the truck when he cleaned it. *Held*:

1. Kennon claims that he was entitled to a directed verdict on the charge of driving under the influence of alcohol because the indictment was defective in that it failed to notify him that he could be convicted of driving under the influence to the extent that it was less safe to drive. We disagree. By failing to attack the indictment prior to trial, Kennon waived his right to a perfect indictment. *Bowman v. State*, 227 Ga. App. 598, 599 (1) (490 SE2d 163) (1997); *Bentley v. State*, 210 Ga. App. 862 (1) (438 SE2d 110) (1993).

Even assuming the issue was not waived, it lacks merit. The indictment charged Kennon with "[d]riving under the influence of alcohol . . . did then and there unlawfully drive a moving vehicle while under the influence of alcohol, so that it was less safe for the defendant to drive, there being not less than .10 percent by weight of alcohol in his blood. . . ." These facts were sufficient to notify Kennon as to the two ways he could be convicted of DUI. See OCGA § 40-6-391 (a) (1) and (5). See *Jones v. State*, 226 Ga. App. 619, 622 (3) (487 SE2d 371) (1997). Compare *Kevinezz v. State*, 265 Ga. 78, 83 (2) (d) (454 SE2d 441) (1995).

Where a crime, as here, can be committed in a variety of ways, an indictment must charge the ways in the conjunctive. *Vann v. State*, 153 Ga. App. 710, 711 (2) (266 SE2d 349) (1980). We find no error.

2. Kennon contends that he was entitled to a directed verdict on the charge of theft by receiving because venue was only proper in

Dougherty County. We disagree. Venue for certain theft offenses, including this offense, is appropriate "in any county in which the accused exercised control over the property which was the subject of the theft." OCGA § 16-8-11. The evidence, without question, shows that Kennon exercised control over the stolen vehicle in Lee County where he was prosecuted for that offense.

3. Kennon contests the sufficiency of the evidence as to his conviction for possession of tools for the commission of a crime. The essential elements of that offense are: (1) possession of tools and implements commonly used in the commission of burglary, theft or other crime; (2) intent to use those in the commission of a crime. OCGA § 16-7-20 (a). *Hogan v. Atkins*, 224 Ga. 358, 359 (162 SE2d 395) (1968). Kennon was the sole occupant of the vehicle in which the tools were discovered and in sole possession of the tools. The sledgehammer, ax, bolt cutters, crowbar, wire cutters, and the pair of gloves shown in evidence satisfy the first element as they are commonly used in the commission of burglary, theft, or other crimes. *Delvers v. State*, 139 Ga. App. 119, 122 (5) (227 SE2d 844) (1976). See *Douglas v. State*, 194 Ga. App. 182, 183 (390 SE2d 98) (1990).

The second element of intent is a question of fact for jury resolution. *Farlow v. State*, 59 Ga. App. 881, 883 (1) (2 SE2d 500) (1939). Intent may be proven by circumstantial evidence, by conduct, demeanor, motive, and all other circumstances. *Harp v. State*, 136 Ga. App. 897, 900 (3) (a) (222 SE2d 623) (1975). Here, the evidence showed that late at night Kennon had positioned his vehicle behind a closed business, and upon noticing the police immediately moved. His stolen pick-up truck contained numerous tools commonly used in the commission of burglaries. See *Evans v. State*, 216 Ga. App. 21, 22 (1) (453 SE2d 100) (1995) (possession of screwdrivers, pliers, and various car keys combined with act of casing a parking lot sufficient to prove offense). The evidence adduced at trial including Kennon's unexplained presence in possession of these tools behind a closed business was sufficient within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to support the verdict. See *Thomas v. State*, 193 Ga. App. 419, 420-421 (388 SE2d 32) (1989).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED MAY 7, 1998.

*Joseph A. Grimsley*, for appellant.
*John R. Parks, District Attorney, Richard E. Nettum, Assistant District Attorney*, for appellee.